## Appeal of Collins, Rockafellow & Co.

<div style="float:right">35  88<br>168  49</div>

In a contest between the landlord and the execution-creditor of the tenant, as to the distribution of the proceeds of a sheriff's sale of the tenant's goods, found on the demised premises, the tenant is a competent witness to prove the terms of the demise.

A landlord is entitled to claim rent payable in advance, out of the proceeds of a sheriff's sale of the tenant's goods upon the demised premises.

The waiver of the benefit of the exemption law, by the tenant, in favour of the execution-creditor, will give the latter no preference over the claim of the landlord, in whose favour there is no such waiver.

APPEAL from the Common Pleas of *Montgomery county.*

This was an appeal by Collins, Rockafellow & Co., from the decree of the court below, distributing the proceeds of a sheriff's sale of the personal property of Andrew Drake.

On the 1st April 1858, Joseph Kirkner demised, by parol, to Andrew Drake "The Fountain Inn Tavern," at Barren Hill, for the term of one year; the tenant to pay the annual rent of $700 and one-half of the taxes; and six months' rent to be paid in advance.

Drake moved into the property with his family, on the 2d April 1858, but did not pay the six months' rent in advance, according to the terms of his contract.

On the 24th of May 1858, Collins, Rockafellow & Co. entered up a judgment against Drake for $364.05, upon a bill single, which contained a waiver of the benefit of the $300 exemption law; and issued execution thereon, which was levied upon the personal property of the defendant, upon the demised premises. The proceeds of sale, amounting to $245.76, were paid into court for distribution, and claimed both by the landlord and the execution-creditors.

Before the auditor appointed to report distribution of the fund, Drake, the tenant and defendant in the execution, was admitted as a witness, to testify as to the terms of the demise. The auditor awarded the fund to the landlord, and his report was confirmed by the court, and distribution decreed accordingly, the following opinion being delivered by SMYSER, P. J.:—

"The first question to be decided is, was Drake, the tenant, a competent witness? For, without his testimony, we have no proof of the contract in regard to the rent.

"I am of opinion that he is. His interest is equal either way; or if there is any preponderance, it is in favour of the execution-creditor, who has a judgment ripe and ready for any proceeding against him, whilst the landlord has only his claim on the contract—on which, to be sure, he has the right to distrain, but only *sub modo,* and under certain very strict limitations. The possi-

[Appeal of Collins, Rockafellow & Co.]

bility that the landlord and tenant may collude to defraud an execution-creditor, may, in a given case, affect the credit of the witness; but does not come up to the reasons on which, on grounds of public policy, a witness having no interest is excluded.  The same principle would exclude a defendant, in a contest between rival creditors, contesting the right to the proceeds of his property in court for distribution after a judicial sale; and yet it has never been doubted that, in such a case, he is a competent witness.

" Mr. Drake being then a competent witness, proves the terms of the lease, which was by parol; and which were that he was to pay $750 a year, one-half payable in advance, the other half on the 1st of October; and was to pay half the taxes.  He took possession without paying the first six months' rent, he being disabled from doing so by misfortunes, which he states.  Some of his goods had been moved on the premises before the 1st of April. A few days after he took possession, he told the landlord that he was not able to pay the rent in advance, unless he could get his friends to help him.  It does not appear what reply Mr. Kirkner made, nor if he made any.  It is claimed, but with very little show of plausibility, as it seems to me, that this amounted to a rescission of the first bargain, and created a new one between the parties, such as the law would imply.  But there is no proof of this.  Then, is it such a waiver of his right to claim performance, by the landlord, as would prevent him from distraining afterwards, or from claiming the rent out of the proceeds of an execution? Can a creditor, whether landlord or not, only grant indulgence to a distressed debtor, and listen to the humane instincts and pleadings of his heart, at the risk of losing his debt, annulling his contract, or being deprived of his legal remedies to enforce it? Surely this cannot be so where he does not bind his hands by any new engagement.

" The rent for six months being thus, by the contract of the parties, due and remaining unpaid, the goods of the tenant on the demised premises were sold by the sheriff in the latter part of May, on the execution of the plaintiffs; and the fund in court is the proceeds of that sale.  The landlord claimed the six months' rent due on the 1st of April, and gave due notice thereof to the sheriff.  Whether he is entitled to it is the question before us.

" That he is, is settled clearly enough by Anderson's Appeal, 3 *Barr* 218, unless it has been since overruled.  To show that it has, Martin's Appeal, 5 *W. & S.* 220, is cited, not, indeed, as overruling it, for it was decided prior, but as being inconsistent with it, and as indicating a general current of judicial opinion against it.  That case is, however, not in point, even for that purpose, inasmuch as the claim there was for rent out of .the proceeds of the execution, which had been reserved, payable in

advance, on another lease not yet commenced.   In the case before us, the lease had commenced, and the tenant had been in possession under it nearly two months.   Neither is Anderson's Appeal overruled by Purdy's Appeal, 11 *Harris* 97 ; on the contrary, the Supreme Court, while reversing the action of the court below, on the ground (correctly assumed), that that case had been misapplied and extended too far directly, or at least by necessary implication, admit it to be law in similar cases.   The error committed by the court below, in Purdy's Appeal, is stated to have lain in giving the landlord an apportioned share on the quarter's rent, which, according to the contract of the parties, was not due at the time of the seizure and sale of the tenant's goods.

" We have been referred to the words of the Act of Assembly, and it has been maintained that the goods sold were not "liable to the landlord's distress," inasmuch as there had been no, or at least but a partial, enjoyment of the premises, by the tenant, at the time of the sale.   But whatever, in the absence of express stipulation, may be the rule of law as to enjoyment constituting the basis and consideration of the right to distrain, surely the parties may make the rent due before enjoyment; and then the right to distrain for rent due, according to all our decisions, follows.   The truth is, the rule at law is misstated in the argument.   Rent is, at law, due only after enjoyment; and then the right of distress follows because it is due, not because the premises have been enjoyed.

" To show that parties, by express agreement, may make the rent due in advance, and that it may be distrained for, we have, besides Anderson's Appeal, the case of Beyer *v.* Fenstermacher, 2 *Whart.* 95, in which it is said (p. 102), ' After a lessee has entered into and taken possession of the demised premises, agreeably to the terms of the lease, and the rent, or any portion of it, has become payable, according to the provisions thereof, it is then clearly due, though not before, and if not paid the lessor has an unquestionable right to distrain for it.'   Then, after showing that by the verdict of the jury it was established that, by agreement of the parties, the rent for each quarter had been made payable in advance, Judge KENNEDY goes on to say, ' The moment the plaintiff here took possession of the premises under the lease, the relation of landlord and tenant became complete.   The term, with the possession thereof, became vested in the plaintiff, and the reversion alone remained in the defendant; and hence, as soon thereafter as by the terms of the lease, the rent, or any portion thereof, became payable on a certain day, and remained unpaid until the day following, the defendant had a right to resort to the remedy of distress for the recovery thereof.'   And at the close of the opinion he gives the reason, or otherwise the lessor would

[Appeal of Collins, Rockafellow & Co.]

be in the predicament of having a right without a remedy; which, he adds, ' cannot be.'

"The case of The Bank v. Ege, 9 *Watts* 438, may also be cited in support of the principle; for there the court say, that notwithstanding the provisions of 119th section of the Act of 16th June 1836, in relation to the right of purchasers at sheriff's sales, to accruing rents, the latter acquires no right to rent, which, having by the contract been made payable in advance, has been paid in advance accordingly, although the quarter or other period for which it was so paid may not have expired until after the acknowledgment of the sheriff's deed.

"Under the view we take of this, the question of apportionment does not arise; and we, therefore, spare ourselves the trouble of discussing it. I will only say that the case of Prentiss v. Kingsley, 10 *Barr* 120, so much relied on as overruling the whole doctrine and practice of our courts ever since West v. Sink, in relation to apportionment of rents, does not, as I understand it, undertake or profess to do so. The learned judge (BELL), who delivered the opinion of the court, it is true, refers to the opinions of other judges, and adds his own, disapprobatory of the doctrine established in West v. Sink, and points out its real or supposed mischiefs, and makes that the ground of the refusal of the court to extend the doctrine of apportionment of rent to the case of debts provable in bankruptcy, or indeed to any other cases not covered already by that and kindred decisions. But that is all. There is no attempt to set them aside; nor was that the point raised in the case and before the court.

"It only remains to consider the effect of the waiver of exemption by Mr. Drake in favour of Collins, Rockafellow & Co. For the purposes of the question, theirs must be regarded as the junior lien, the remedy by execution being subordinate and second to that of distress, as against the goods of a tenant on the premises where rent is in arrear. That such a waiver cannot affect the younger claim is well settled by the decisions: Bowyer's Appeal, 9 *Harris* 210; Garret & Martin's Appeal, 8 *Casey* 160, are all I deem it worth while to refer to.

"Seeing no error in the report of the auditor, it is confirmed, and distribution decreed in conformity thereto."

From this decree the present appeal was taken by the execution-creditors.

*G. R. Fox*, for the appellants.—Drake was directly interested in the result of the case, and therefore an incompetent witness.

The landlord, by permitting the tenant to enter upon the possession without the payment of the rent stipulated for, in advance, assented to a change in the terms of the demise, and made the accruing of the rent to depend, as in ordinary cases, upon the

[Appeal of Collins, Rockafellow & Co.]

enjoyment of the premises, and the act only gives him a lien upon such goods as are "liable to distress": *Brightly's Purd.* 336, pl. 43. And rent, growing due, cannot be apportioned: Prentiss *v.* Kingsley, 10 *Barr* 120.

*Mulvany* and *C. T. Miller,* for the appellee.—Drake was a competent witness; he stood indifferent between the rival claimants on the fund.

The rent being payable in advance, could have been immediately distrained for: Anderson's Appeal, 3 *Barr* 219; Bank of Pennsylvania *v.* Wise, 3 *Watts* 394. And could be apportioned up to the time of the levy: West *v.* Sink, 2 *Yeates* 274; Binns *v.* Hudson, 5 *Binn.* 506; Morgan *v.* Moody, 6 *W. & S.* 335; Lichtenthaler *v.* Thompson, 13 *S. & R.* 158; Parker & Keller's Appeal, 5 *Barr* 390; Purdy's Appeal, 11 *Harris* 98.

The opinion of the court was delivered by

READ, J.—Drake, the tenant, was clearly a competent witness, *his interest being* equal either way; and he proved the lease, and that the first half year was payable in advance; and, of course, the goods on the premises leased became immediately liable to distress, if the rent was not paid according to the terms of the contract. When, therefore, these goods were levied upon, and sold under an execution by the sheriff, the landlord was entitled to his six months' rent, which was then due and payable in advance, out of the proceeds: Buckley *v.* Taylor, 2 *Term Rep.* 602; Harrison *v.* Barry, 7 *Price* 698; Anderson's Appeal, 3 *Barr* 218; Beyer *v.* Fenstermacher, 2 *Whart.* 95.

No claim for the benefit of the exemption law was made by the tenant, the defendant in the execution, and the waiver of exemption, in favour of the plaintiffs in the judgment, could not affect the superior rights of the landlord: Bowyer's Appeal, 9 *Harris* 210; 8 *Casey* 160. We see no error in the decree of the court below.

<div align="right">Decree affirmed.</div>