## Goodwin *et al. versus* Sharkey *et al.*

| 80 | 149 |
| 168 | 49 |

1. A lease was for a store-room for two years, for the yearly rent of $2000, with the stipulation that if the lessee should, " at any time during the continuance of this lease, attempt to remove or manifest an intention to remove his goods and effects out of or off the premises, without having paid * * * in full for all the rent which shall become due during the term of this lease * * * the whole rent for the whole term shall be taken to be due * * * and the (lessor) may proceed * * * to distrain and collect the whole as if by the conditions of this lease the whole rent was payable in advance." *Held,* that by the lease it was not required that the attempt or intention to remove the goods should be fraudulent in order to authorize a distress.

2. The tenant becoming embarrassed sold and delivered goods to his creditors in payment of debts to them and made an assignment for benefit of creditors. *Held,* that the rent for the whole term had become due and the landlord might distrain.

3. The tenant assented to the distress and within four months proceedings in bankruptcy were commenced against him. *Held* not to be in fraud of the Bankrupt Law.

4. Grant & McLane's Appeal, 8 Wright 477, distinguished.

November 23d 1875. Before SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1875, No. 59.

This was an action on the case, brought October 4th 1871, by Charles E. Goodman, assignee for the benefit of creditors of Moses Arnold, against Edward E. Sharkey and John H. Cortelyou. On the 4th of November 1872, the bankruptcy of Moses Arnold and the appointment of Charles E. Goodman and John McKellop as his assignees were suggested, and their names as such assignees entered of record as plaintiffs. On the 20th of February 1873, by leave of the court, the names of E. A. L. Roberts and John Doherty were added as defendants, and a summons in case, March 7th 1873, issued against them. The writ was returned " Summoned" March 17th. The declaration originally was for unlawful distress; after the substitution, the plaintiffs declared, averring that they had the right to recover the goods distrained under the bankrupt laws. There was also a count in trover.

The distress was under a lease, dated January 20th 1871, between Edward Sharkey and John H. Cortelyou of the first part, and Moses Arnold of the second part. The lease was for the first floor of a building in Titusville, owned by W. B. and E. A. L.

[Goodwin *v.* Sharkey.]

Roberts, for two years and ten months for the yearly rent of $2000, payable in sums of $500 each, on the first days of April, July, October and January, and $375 on signing the lease, for rent up to April 1st 1871. The lease further provides as follows:—

"And the said party of the second part further covenants and agrees that if he shall at any time during the continuance of this lease attempt to remove or manifest an intention to remove his goods and effects out of or off from said premises without having paid and satisfied the parties of the first part in full for all rent which shall become due during the term of this lease, that then in such case the whole rent for the whole term of this lease shall be taken to be due and payable, and the said party of the first part may proceed by landlord's warrant or other process, to distrain and collect the whole in the same manner as if by the conditions of this lease the whole rent was payable in advance."·

The case was tried January 20th 1875, before Lowrie, P. J.

The plaintiffs gave the lease in evidence; also evidence of the payment by Arnold, on the 3d of July 1871, of $500, the rent due on the 1st of July.

Goodwin, the plaintiff (a paper being shown him), testified that it was the assignment delivered to him by Arnold July 14th 1871, and that he took possession on the same day and locked up the store with all the goods.

Arnold testified that he had executed the paper.

The plaintiffs then offered the assignment, together with evidence that appraisers were appointed under it by the court, appraisement made, and bond, with approved sureties, duly given, and that defendants had actual notice of the assignment before the distress was made, which was within thirty days after the assignment, and that by mistake the assignment was left for record with the prothonotary; also, that about October 1st, the firm of Roberts & Co., of which E. A. L. Roberts was a member, bought the remainder of the term from the assignee, and also notice by Sharkey & Cortelyou to Goodwin not to let the property."

The defendants objected to the offer, it was rejected by the court and a bill of exceptions sealed.

The plaintiffs then gave in evidence the record of the proceeding in bankruptcy in the District Court of the United States for the Western district of Pennsylvania, by which M. Arnold was adjudged a bankrupt, and the plaintiffs, on the 12th of October 1872, appointed assignees in bankruptcy.

John Doherty, constable of Titusville, testified that he executed a landlord's warrant, issued by Sharkey & Cortelyou, on the goods of Arnold on the leased premises; he levied and made return July 18th 1871; on that day he found the sheriff in possession; on the 11th of August witness took possession; he sold at the expiration

[Goodwin v. Sharkey.]

of five days.   Sale took place August 25th 1871; the goods brought about $2400; he "advertised six days after the five days."

M. D. L. Sharkey, who acted for Sharkey & Cortelyou, testified, that on Sunday night he saw that Arnold was packing goods; Arnold spoke of moving ; he moved Monday morning early ; he said he owed Sharkey & Cortelyou rent ; Cortelyou got a warrant; Arnold said he had failed and had made an assignment to Goodwin ; Cortelyou got the money from the sale under the landlord's warrant, $2300 or $2400 ; E. A. L. Roberts got the money afterwards by an arrangement with him ; Roberts said he would keep it.   Arnold was willing the landlord's warrant should be issued.   The warrant was taken out very quickly after Arnold told witness that he had failed.   The house belonged to Roberts Brothers ; Sharkey & Cortelyou took a lease of it; they owed the Roberts considerable rent when the levy was made under the landlord's warrant.

Arnold testified, that the value of goods sold by constable was about $3300.   Witness had sent the goods to different creditors, whom he specified ; some of the goods he sent back to the seller without having opened them ; he was sending off the goods all summer; he sent them away openly; some of the goods which he had prepared to send to his creditors were stopped by the sheriff.

There was evidence for the purpose of showing that Roberts was a partner in the firm of Sharkey & Cortelyou; and that the conduct of Arnold and defendants was fraudulent, &c.

The plaintiffs having closed their evidence, the court directed a nonsuit to be entered.

The plaintiffs took a writ of error and assigned for error : rejecting their offer of evidence and ordering a nonsuit.

J. M. Moyer, R. Sherman and S. T. Neill, for plaintiffs in error.—The failure to record the assignment within thirty days did not render it void ; if parties interested have notice it is sufficient.   It was competent to show actual notice by the possession of the assignee, and that the creditors had ratified the assignment: Burke's Estate, 1 Parsons 472; Adlum v. Yard, 1 Rawle 163. As between assignor and assignee it was valid : Heath v. Page, 13 P. F. Smith 123.   The defendants having within thirty days seized the goods, recording the assignment would have been a vain act : Seal v. Duffy, 4 Barr 274.   The defendants were not creditors and could not be heard to object to the validity of the assignment : Frisbie v. Theyer, 25 Wend. 396; Hasking v. Belknap, 1 Denio 190. There was evidence to go to the jury, and even if slight, it should have been submitted : Bevan v. Insurance Co., 9 W. & S. 187.   If the constable failed to advertise the sale properly and did not wait the five days after the seizure, the warrant and sale were void, and

[Goodwin *v.* Sharkey.]

plaintiffs might recover in trover: Brisben *v.* Wilson, 10 P. F. Smith 452; Kerr *v.* Sharp 14 S. & R. 399. Whether there was five days' notice was for the jury: Wenrich *v.* Heffner, 2 Wright 207. Whether Arnold permitted the distress was a material fact, and was for the jury: Madara *v.* Eversole, 12 P. F. Smith 160. If the goods were in the assignee's possession the distress was unlawful, there being no rent in arrear: Negley *v.* Morgan, 10 Wright 284; Borland's Appeal, 16 P. F. Smith 470. There was no attempt of Arnold to. remove the goods to prevent the land-. lord from obtaining his rent, for which there were enough goods remaining. The removal of goods by Arnold's creditors was not fraudulent: Bach *v.* Meats, 5 M. & Selw. 200. Defendants had no right to distrain against the assignee even if Arnold had made the assignment to defeat the landlord in collecting their rent, unless the assignee were a party to the fraud: Clifford *v.* Beems, 3 Watts 246; Purfel *v.* Sands, 1 Ash. 120; Morris *v.* Parker, Id. 187. The plaintiffs as assignees in bankruptcy could recover, if the defendants made use of the clause in the lease to obtain a preference: Tripp *v.* Armitage, 4 M. & W. 699; Hawthorne *v.* New Castle Railway, 3 Q. B. 734. Whether the clause in the lease was used to obtain a preference was for the jury: Loucheim *v.* Henszey, 27 P. F. Smith 305. If Arnold and Sharkey were in collusion in having the warrant issued, or Sharkey, knowing Arnold's insolvency, made haste to issue it, it was fraud in gaining a preference over the other creditors; it was void under the bankrupt laws and the assignees in bankruptcy might recover in trover: Buchanan *v* Smith, 16 Wall. 277.

*J. B. Brawley* and *B. J. Reid*, for defendants in error.— More than passive non-resistance by the debtor is necessary to create a forbidden preference: Wilson *v.* City Bank, 17 Wall. 473; Mays *v.* Fulton, 20 Id. 414; Sleek *v.* Turner, 26 P. F. Smith 142; Kemmerer *v.* Tool, 28 Id. 147. If the assignment had been regular in all respects it would not have deprived the landlords of their right to distrain: Knowles *v.* Lord, 4 Whart. 507. The assignee is the representative of the assignor: Vandyke *v.* Christ, 7 W. & S. 374; Mellon's Appeal, 8 Casey 129; Fulton's Estate, 1 P. F. Smith 211; Bullitt *v.* Church, 2 Casey 108; Lempriere *v.* Pasley, 2 Term R. 485; Cowden *v.* Pleasants, 9 Barr. 59. The landlord's right is a lien: Knowles *v.* Lord, *supra;* Williams *v.* Leper, 3 Burrows 1886; Osborne's Estate, 5 Whart. 267; Stevenson *v.* Wood, 5 Espinasse 200; Mavor *v.* Croome, 1 Broome 261; Briggs *v.* Gowry, 8 M. & W. 729; Newton *v.* Scott, 9 Id. 434; s. c. 10 Id. 471; Phillips *v.* Shervil, 6 Ad. & Ell. 944. This right is recognised in bankruptcy cases: Longstreth *v.* Pennock, 20 Wall. 576; Gibson *v.* Warden, 14 Id. 248; Morris *v.* Parker, 1 Ash. 187. There was no ratification

[Goodwin *v.* Sharkey.]

here to validate the assignment: Hays *v.* Heidelberg, 9 Barr 207; Englebert *v.* Blanjot, 2 Whart. 244. By the terms of the lease the rent being payable when the distress was made, it did not matter that the term had not expired: Anderson's Appeal, 3 Barr 219.

Judgment was entered in the Supreme Court, November 26th 1875,

PER CURIAM.—Upon the plaintiff's own evidence on the trial in the court below, the defendants had a right to distrain. The whole rent for the term might have been made payable in advance, and there exists no reason why it might not be made payable at any time during the running of the lease, upon the happening of any contingency. The right of distress would immediately arise. By the terms of the lease the whole rent became due whenever the lessee should attempt to remove or manifest an intention to remove his goods and effects out of or off from the demised premises without having paid and satisfied the lessors in full for all rent which should become payable during the term. There is nothing here requiring the intention or attempt to be fraudulent. Grant & McLane's Appeal, 8 Wright 477, is not applicable, for there the distress was not on the demised premises and could not be sustained on the provision of the lease, but only under the Act of Assembly, which requires the removal to be clandestine and fraudulent. The rejection of the assignment, if an error, did the plaintiffs no injury. Their case would not have been helped by its admission. There was nothing in the evidence to raise any question of fraud upon creditors under the bankrupt laws. Though the distress was within four months of the petition, and though the bankrupt did consent to it, that, according to later decisions, was not enough. The lessors were in the lawful pursuit of their rights and no evidence was given of collusion with the bankrupt.

Judgment affirmed.