Platt, Barber & Co., Appellants, *v.* Johnson & Petersen.

*Landlord and tenant—Lease—Public policy—Sheriff's sale.*

A stipulation in a lease for years that if the lessee shall become embarrassed, or make an assignment for the benefit of creditors, or be sold out by sheriff's sale, the whole rent for the balance of the term shall become due and payable in advance of other claims, is not against public policy, and will be sustained in favor of the landlord on a distribution of the proceeds of a sheriff's sale of the lessee's property, to the extent of giving the landlord priority for one year's rent.

Argued April 24, 1895.  Appeal, No. 103, Jan. T., 1895, by plaintiffs, from order of C. P. Clearfield Co., Dec. T., 1893, No. 574, sustaining exceptions to report of auditor.  Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report, distributing fund raised by the sheriff's sale of personal property.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in sustaining exceptions to the report of the auditor.

*David L. Krebs, Howard B. Hartswick* with him, for appellants.—The landlord can only claim priority for rent actually due : Act of March 21, 1772, 1 Sm. Laws, 373 ; Ege v. Ege, 5 Watts, 134 ; Wickey v. Eyster, 58 Pa. 502 ; West v. Sink, 2 Yeates, 274 ; Binns v. Hudson, 5 Binney, 505 ; Morgan v. Moody, 6 W. & S. 333 ; Case v. Davis, 15 Pa. 80 ; Moss's App., 35 Pa. 162 ; Bank of Pennsylvania v. Wise, 3 Watts, 402 ; Hepburn v. Snyder, 3 Pa. 72 ; Cross and Gault's App., 97 Pa. 475 ; Owens v. Shovlin, 116 Pa. 376.

*W. C. Pentz,* for appellees.—A landlord is entitled to claim rent payable in advance out of the proceeds of a sheriff's sale of the tenant's goods upon the demised premises : Collins's App., 35 Pa. 83 ; Beyer v. Fenstermacher, 2 Whart. 95 ; Purdy's App., 23 Pa. 97.

A judgment creditor stands on the footing of his debtor :

Cover v. Black, 1 Pa. 493 ; Shrewsbury Savings Institution App., 94 Pa. 309.

The whole rent for the term might have been made payable in advance, and there exists no reason why it might not be payable at any time during the remainder of the lease upon the happening of any contingency : Goodwin v. Sharkey, 80 Pa. 153.

The right of distress is incident only to that which is strictly rent; it cannot be applied to that which is not rent: Latimer v. Groetzinger, 139 Pa. 207.

Under the act of June 13, 1836, P. L. 777, a landlord has a right to payment out of a fund to an amount not exceeding one year's rent: Timmes v. Metz, 156 Pa. 384.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 6, 1895:

The fund for distribution in this case was the net proceeds of Johnson and Petersen's personal property—principally store goods—seized on the premises leased by them from J. S. Seyler & Bro., appellees, and sold on executions in favor of Platt, Barber & Co., the appellants. The only complaint is as to the $714, awarded to said lessors as balance of one year's rent due them by their lessees, the defendants in the executions. It is contended by appellants that the extent of the landlord's claim on the fund was $250. This sum was awarded to them by the learned auditor, but on exception thereto the learned judge was of opinion that, upon a proper construction of provisions in the lease, making the entire rent due and payable in advance, they were entitled to one year's rent, less tenants' claim of $36.00, on account of stable, etc., and he accordingly awarded them the said sum of $714.

The lease of the storeroom etc. occupied by Johnson & Petersen is for the term of thirty-three months from July 1, 1893, at the monthly rental of $62.50 payable in advance; but it contains the following clauses by which, in certain contingencies, the rent for the entire term would become due and payable : 1st. The lessees agree " that if they shall at any time during the continuance of this lease attempt to remove or manifest an intention to remove their goods and effects out of or off from the said premises without having paid and satisfied the party of the first part in full for all rent which shall become due dur-

ing the term of this lease, then and in such case such removal or attempt to remove shall be considered fraudulent, and the whole rent of this lease shall be taken to be due and payable, and the said party of the first part shall proceed by landlord's warrant or other process to distrain and collect the whole in the same manner as if by the conditions of this lease the whole rent were due and payable in advance."

2d. "It is agreed and understood that if second parties become embarrassed, or make an assignment for the benefit of creditors, or are sold out by sheriff's sale, then the rent for balance of term shall at once become due and payable, as if by the terms of the lease it were all payable in advance, and shall be first paid out of proceeds of such assignment or sale, any law, usage or custom to the contrary notwithstanding."

It was claimed by the lessors that upon the happening of the lessees' embarrassment, seizure and sale of their personal property,—contingencies specified in the last quoted clause,— the entire rent became due and payable out of the proceeds of the sale, so far as the fund would reach.

There is nothing illegal or contrary to public policy in either of the above quoted provisions. As was said in Goodwin v. Sharkey, 80 Pa. 149, 153, " the whole rent for the term might have been made payable in advance, and there exists no reason why it might not be made payable at any time during the running of the lease, upon the happening of any contingency. The right of distress would immediately arise," upon the happening of the specified contingency; and that right might be exercised by the lessor to the extent of collecting more than one year's past due rent, provided the rights of execution creditors have not previously attached. If they have, the act of June 13, 1836, limiting the lessor's right to payment out of such fund to an amount not exceeding one year's rent, becomes operative in favor of the execution creditors. That a landlord is entitled to claim rent payable in advance out of the proceeds of a sheriff's sale of the tenant's goods upon the demised premises, provided his claim does not exceed one year's rent, is well settled : Beyer v. Fenstermacher, 2 Whart. 95 ; Purdy's App., 23 Pa. 97 ; Collins' App., 35 Pa. 83 ; and in his claim he is not restricted to the current month or year: Richie v. McCauley, 4 Pa. 471; Mickey v. Eyster, 58

Pa. 501; Weltner's App., 63 Pa. 302; nor does it make any difference that, as in this case, no more than a month's rent was originally made payable in advance, if, by force of express covenants in the lease, the whole rent becomes due and payable, in advance, upon the happening of certain contingencies, one or more of which have actually occurred before the rights of execution creditors attached: Goodwin v. Sharkey, supra; Owens v. Shovlin, 116 Pa. 371.

In this case, the lessees undoubtedly became financially embarrassed before the lien of plaintiffs' executions attached, and thus at least one of the contingencies, on which the entire rent became due and payable in advance, actually happened.

Without pursuing the subject further, we are clearly of opinion that there was no error in awarding to the landlords one year's rent, less the $36.00 set-off, etc. There is nothing else in the case that requires further comment. The action of the court below is amply vindicated in the opinion sent up with the record.

Decree affirmed and appeal dismissed with costs to be paid by appellants.