### In re WINFIELD MFG. CO.

#### (District Court, E. D. Pennsylvania. May 26, 1905.)

#### No. 1,910.

LANDLORD AND TENANT—LEASES—STIPULATIONS—ENFORCEMENT—BANKRUPTCY.

Where, after the bankruptcy of a tenant, the landlord accepted a surrender of the premises, and did not consent that the remainder of the term might be sold as a part of the bankrupt's assets, he was not entitled to enforce a provision of the lease that in case the tenant became bankrupt the rent reserved for the entire term should immediately become due and payable, and that the landlord might proceed as he was authorized to do in case of a breach of a covenant under the lease, etc.

In Bankruptcy. Certificate from referee.

Conard & Middleton, for trustee.
George W. Carr, for claimant.

J. B. McPHERSON, District Judge. The facts upon which the present controversy arises appear in the following extract from the report of the learned referee (Richard S. Hunter, Esq.):

"The bankrupt leased the premises at the northeast corner of Allegheny avenue and A street for three years from the 15th day of February, 1902, at the yearly rental of $2,000, payable in advance in monthly installments. The rent was paid on the 15th day of January, 1904, in advance. The installments of rent falling due February 15th and March 15th, 1904, in advance, were not paid, so that at the time of the filing of the petition in bankruptcy, March 22nd, 1904, there was due two months' rent, $333.32.

"The receiver made arrangements with the landlord to leave the key with him as a matter of convenience. The auctioneers came down daily for several days before the sale, got the keys from the landlord, and again returned them to him. The receiver's sale then took place, and the keys were delivered at various times during the ensuing week. The last time the auctioneers were upon the premises, they told the landlord there was very little left, and asked if the landlord would give these few remaining goods to them when they came after them. Several days afterwards a letter was sent by the receiver to the landlord, asking him to allow the goods to be taken away, and they were accordingly removed. The keys remained with the landlord, and nothing further occurred until a certain conversation over the telephone, when counsel for the claimant called counsel for the receiver and trustee, and told him that goods were still there, and not removed, and that the receiver would be held accountable for rent while the goods were upon the premises. Counsel for the receiver then and there said he would surrender possession. This was on May 10th, 1904.

"Upon these facts the trustee contends that possession was surrendered at the time when the auctioneer made his last visit. But no direct intimation of surrender appears to have been made at that time either by the auctioneer or by the receiver, and certain goods remained on the premises until the next month.

"Upon consideration of these circumstances, the referee finds as a fact that possession was not surrendered to the landlord until May 10th, 1904, and that a sum is due for use and occupation, to be measured under the lease up to the 10th day of May, 1904.

"The lease contained the following provision: 'The said lessees further agree in case of their insolvency, or the entering of a judgment against them in any court of record, or the filing of a petition by or against them or any of them, in bankruptcy or insolvency, that the entire rent reserved for the term of this lease shall immediately become due and payable, and the said lessors may proceed as above authorized to do in case of any breach of a covenant under this lease, and with the same powers, release of errors, waiver of exemption, etc.'

"The landlord claims under this clause a priority for the year from February 15, 1904, to February 15, 1905, being $2000."

The referee rejected the landlord's claim, and the correctness of this ruling is now presented for consideration. If the claim were made upon the distribution of a fund raised by execution process issued by one of the state courts, the priority of the landlord would unquestionably be upheld. The Supreme Court of Pennsylvania has expressly so decided, as will appear from the syllabus in the case of Platt et al. v. Johnson et al., 168 Pa. 47, 31 Atl. 935, 47 Am. St. Rep. 877:

"A stipulation in a lease for years that if the lessee shall become embarrassed or make an assignment for the benefit of creditors, or be sold out by sheriff's sale, the whole rent for the balance of the term shall become due and payable in advance of other claims, is not against public policy, and will be sustained in favor of the landlord on a distribution of the proceeds of the sheriff's sale of the lessee's property, to the extent of giving the landlord priority for one year's rent."

This case is recognized in Teufel v. Rowan, 179 Pa. 408, 36 Atl. 224, and is to be accepted as declaring the law of the state tribunals. Without questioning in any degree the soundness of the decision, it is, I think, only necessary now to point out that the facts of the present case are materially different. They resemble closely the facts in Wilson v. Penna. Trust Co., 114 Fed. 742, 52 C. C. A. 374, 8 Am. Bankr. R. 169, decided by the Circuit Court of Appeals for

this circuit, as will be seen by the following quotation from the opinion:

"Notwithstanding the ruling in Platt v. Johnson, 168 Pa. 47, 31 Atl. 935, 47 Am. St. Rep. 877, upholding as valid a provision in a lease that the entire rent for the balance of the term should become due if the lessee should become embarrassed, or make an assignment for the benefit of creditors, or be sold out by sheriff's sale, it may well be doubted whether the stipulation here making the whole rent for the whole term due and payable if the lessee 'shall become a bankrupt' is enforceable as against the provisions of the bankrupt act. But the court below did not pass upon that question, and we do not find it necessary to consider it. Assuming the validity of the stipulation where the lessee is adjudged a bankrupt, these consequences would follow its enforcement. In the first place, under the Pennsylvania act of 1836 the landlord would be entitled to priority of payment out of the proceeds of sale of the tenant's goods upon the demised premises to the extent of one year's rent. Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451. Secondly, the rent for the entire residue of the term would be provable as an unpreferred debt, entitled only to a pro rata dividend, and the unexpired portion of the term would become an asset of the bankrupt's estate, to be disposed of by the trustee in bankruptcy for the benefit of the estate. The latter result, however, this claimant repudiated altogether. He sought a partial and one-sided enforcement of the stipulation. He attempted to secure a preference for one year's rent, and at the same time retain his interest as landlord unimpaired in the residue of the term. He took that position at the start, and held it to the end. His proof was only for a single year's rent as a preferred debt, and then, at the expiration of the year, he took, and has since maintained, exclusive possession of the leased premises. The court held—and we think rightly—that the claimant could not split up the term in that way. The contract was not divisible. If the claimant desired to avail himself of the stipulation as to bankruptcy for the purpose of securing a preference for one year's rent, he was bound to conform to the contract as a whole. But this he declined to do. We are therefore of opinion that the action of the court was right."

Nothing need be added to this ruling. The present claimant accepted a surrender of the premises on May 10th, and has since that date been in exclusive possession. He has been paid in full all the rent that was due when the petition in bankruptcy was filed, and has been allowed compensation at the rental rate for the receiver's use and occupation. By accepting the surrender he assented to the position that the lease had been brought to an end by the proceedings in bankruptcy, and I am unable to see, therefore, in what essential respect his situation differs from the situation of the landlord whose claim was rejected in Wilson v. Trust Co. As the court there said, and I may now repeat:

"The contract was not divisible. If the claimant desired to avail himself of the stipulation as to bankruptcy for the purpose of securing a preference for one year's rent, he was bound to conform to the contract as a whole. But this he declined to do."

The decision of the referee is affirmed.