# Weiss v. Levey.

*Landlord and tenant—Goods taken in execution—Rent for balance of term.*

A provision in a lease that "if the goods upon said premises should be sold under execution against him (the tenant) then the rent for the balance of the then term shall at once become due as if by the terms of this lease, it were all payable in advance, and shall first be paid out of the proceeds," is not illegal or contrary to public policy, and is good against the execution creditor, who stands in the place of his debtor.

Argued Dec. 10, 1917. Appeal, No. 324, Oct. T., 1917, by John W. Speckman, from order of C. P. No. 4, Philadelphia Co., March T., 1917, No. 5308, discharging rule to pay money out of proceeds of sheriff's sale, in case of Simon Weiss to use of Pincus Weiss v. David W. Levey. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Rule to show cause why the sheriff should not pay $120 for rent out of the proceeds of a sheriff's sale of tenant's goods.

The opinion of the Superior Court states the facts.

*Error assigned* was order discharging the rule.

*Frederick J. Knaus,* for appellant.—A judgment creditor stands on the footing of his debtor: Cover v. Black, 1 Pa. 493; Shrewsburg Savings Institution's App., 94 Pa. 309; McCartney v. Kipp, 171 Pa. 644.

The defendant was absolutely bound by the terms of his lease, and the clause thereof upon which appellant bases his right is valid and effective and not against public policy: Platt, Barber & Co. v. Johnson, 168 Pa. 47.

*Edwin Fischer,* for appellee, filed no printed brief.

OPINION BY WILLIAMS, J., March 8, 1918:

February 17, 1917, Speckman leased certain premises to Levey for a term ending March 1, 1918. May 23, 1917, a confessed judgment was entered against Levey. June 28, execution issued and a levy made upon the leased premises. July 17, the goods were sold for $501. Appellant, as lessor, claimed $120, being eight months' rent at $15 per month from July 1, 1917, three days after the levy was made, to March 1, 1918. July 20, he obtained a rule on the sheriff and plaintiff in execution to show cause why this rent should not be paid to him out of the $501. October 5, the rule was discharged for the following reasons: "The petitioner claims the sum of $120 remaining in the hands of the sheriff under the 83rd Section of the Act of 16 June, 1836, P. L. 777, as rent owing him by the defendant. The act provides that goods on demised land when taken in execution shall be liable only for such rent as is due at the time of the sheriff's levy. In this case the sheriff levied June 28, 1917. There was then no rent due from the tenant. Under the lease one month's rent fell due July 1, 1917, and $105 being seven months' rent, fell due on the day when the sheriff sold (see paragraph 10th) but for these sums the fund raised by the sale is not liable, since they fell due after the goods were taken in execution."

Paragraph ten of the lease referred to is as follows: "If Lessee shall make an assignment for the benefit of creditors or be declared a bankrupt, or if the goods upon said premises should be sold under execution against him, then the rent for the balance of the then term shall at once become due as if by the terms of this lease it were all payable in advance, and shall first be paid out of proceeds of such assignment or sale, any law, usage, or custom to the contrary notwithstanding."

The defendant in the execution was bound by the terms of his lease, and, the contingency provided for in paragraph ten having happened, the $120 became due and payable as though the rent for the entire term had been

made payable in advance, that is, as of the date of the inception of the lease, and that was prior to the levy of the execution creditor. The execution creditor stands in the place of his debtor, and as there is nothing illegal or contrary to public policy in the provision of the tenth paragraph, appellant was entitled to the rental to the end of the term out of the fund raised by the sale of Levey's goods: Goodwin v. Sharkey, 80 Pa. 149; Platt, Barber & Co. v. Johnson & Petersen, 168 Pa. 47.

The order discharging appellant's rule is reversed, and the record remitted with direction that the rule be reinstated and made absolute.