### WILSON v. PENNSYLVANIA TRUST CO.

(Circuit Court of Appeals, Third Circuit. April 25, 1902.)

#### No. 37.

BANKRUPTCY—PREFERRED DEBT—RENT—LEASE FOR FIVE YEARS.

A lease for five years provided that, if the tenant became a bankrupt, the rent for the entire term should be taken to be due and payable forthwith. Within a year he was adjudged a bankrupt, while owing three months' rent. The trustee notified the landlord that the lease would be surrendered at the end of the second month thereafter, but he refused to accept the surrender, and filed a claim for one year's rent as a preferred claim under the Pennsylvania act of 1836, giving a landlord priority of payment for one year's rent out of the proceeds of the sale of the tenant's goods. By an amicable arrangement the premises were occupied by a third person during the seven remaining months, for which rent was claimed, and the landlord then took possession. *Held*, that he was properly allowed, as a preferred debt, three months' rent due when the petition in bankruptcy was filed, and also the rental rate as compensation during the time the trustee retained the premises, and to receive the rent which the temporary tenant was to pay, and the balance of the claim was properly rejected.

Appeal from the District Court of the United States for the Western District of Pennsylvania.

Elias P. Smithers, for appellant.

W. A. Way, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This is an appeal by Albert H. Wilson, a creditor of Speer C. Nelson, a bankrupt, from a decree of the district court, sitting in bankruptcy, disallowing in part the claim of this creditor. The material facts are these: By a written lease dated January 26, 1900, Wilson demised to Nelson a lot of ground and building thereon erected for a term of five years from April 1, 1900, at an annual rent of $1,200, payable in monthly installments of $100 each, the tenant also to pay the water tax; the lessee stipulating that, if he should "become a bankrupt," the whole rent for

the whole term "shall be taken to be due and payable forthwith." On January 4, 1901, Nelson filed his petition in bankruptcy, and was adjudged a bankrupt. On January 5, 1901, the court made an order restraining Wilson from making a distress for rent. On January 28, 1901, Wilson filed a proof of debt under said lease for $1,215, being the rent for one year, from October 1, 1900, to October 1, 1901, and $15 water tax, which sum or debt of $1,215 he claimed had priority over general debts, and was payable in full out of the bankrupt's estate. On February 14, 1901, the trustee in bankruptcy notified Wilson that the lease would be surrendered and the premises vacated on February 28, 1901, but Wilson refused to accept such surrender. Afterwards, under an amicable arrangement entered into without prejudice to the right of either party, the premises were occupied by a third person until October 1, 1901. On the day last mentioned— October 1, 1901—Wilson accepted a surrender of the lease, and his tenant has since occupied the premises. The fund for distribution arose from the sale by the trustee of goods belonging to the bankrupt which were on the leased premises at the time of the filing of the petition in bankruptcy. The court allowed the claimant out of the fund, as a preferred debt, the sum of $300 for three months' rent due and payable when the petition in bankruptcy was filed, and the further sum of $200 as compensation, at the rental rate, for the period of two months the trustee in bankruptcy had occupied the premises; but disallowed the rest of the claim. The court, however, adjudged that the claimant was entitled to receive the rent, to wit, $300, which the temporary tenant was to pay for his occupancy prior to October 1, 1901.

Has the appellant any just cause of complaint? Notwithstanding the ruling in Platt v. Johnson, 168 Pa. 47, 31 Atl. 935, 47 Am. St. Rep. 877, upholding as valid a provision in a lease that the entire rent for the balance of the term should become due if the lessee should become embarrassed, or make an assignment for the benefit of creditors, or be sold out by sheriff's sale, it may well be doubted whether the stipulation here making the whole rent for the whole term due and payable if the lessee "shall become a bankrupt" is enforceable as against the provisions of the bankrupt act. But the court below did not pass upon that question, and we do not find it necessary to consider it. Assuming the validity of the stipulation where the lessee is adjudged a bankrupt, these consequences would follow its enforcement. In the first place, under the Pennsylvania act of 1836 the landlord would be entitled to priority of payment out of the proceeds of sale of the tenant's goods upon the demised premises to the extent of one year's rent. Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451. Secondly, the rent for the entire residue of the term would be provable as an unpreferred debt, entitled only to a pro rata dividend, and the unexpired portion of the term would become an asset of the bankrupt's estate, to be disposed of by the trustee in bankruptcy for the benefit of the estate. The latter result, however, this claimant repudiated altogether. He sought a partial and one-sided enforcement of the stipulation. He attempted to secure a preference for one year's rent, and at the same time retain his

interest as landlord unimpaired in the residue of the term. He took that position at the start, and held it to the end. His proof was only for a single year's rent as a preferred debt, and then, at the expiration of the year, he took, and has since maintained, exclusive possession of the leased premises. The court held—and, we think,· rightly—that the claimant could not split up the term in that way. The contract was not divisible. If the claimant desired to avail himself of the stipulation as to bankruptcy for the purpose of securing a preference for one year's rent, he was bound to conform to the contract as a whole. But this he declined to do. We are therefore of opinion that the action of the court was right.

The decree of the district court is affirmed.