## In re CASWELL-MASSEY CO.

## In re LAMSON CONSOL. STORE SERVICE CO.

(District Court, S. D. New York. November 2, 1910.)

### No. 10,285.

BANKRUPTCY (§ 318*) — PROVABLE CLAIMS — RENT FOR STORE SERVICE APPARATUS.

The rule governing the amount due for rent under an ordinary lease of real estate after eviction or surrender accepted by the landlord may not apply to a claim under a contract for the installation of a store service apparatus which must be specially adapted to the premises and most of which if taken out cannot be used again, and where the rent for the term is practically the value of the property; but in such case it is competent for the parties to provide that in case of default the unaccrued rent for the remainder of the term shall become due and payable at once, and, on the bankruptcy of the tenant after such a default, a claim for such rent may be proved as a fixed liability.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

In the matter of the Caswell-Massey Company, bankrupt. In re claim of the Lamson Consolidated Store Service Company. Re-referred to Referee.

The following is the opinion of the referee in the Matter of the Kugler Syndicate, Bankrupt:

This is a motion to reduce a claim filed by the Lamson Consolidated Store Service Company for $717.85 to $96.

The Lamson Consolidated Store Service Company on August 2, 1899, entered into an agreement with the Kugler Syndicate by which the Lamson Company agreed to install in the Kugler Syndicate store an apparatus for conveying cash, parcels, and similar things from one part of the store to another, and to lease it to the Kugler Syndicate for five years, and by which the Kugler Syndicate agreed to use the apparatus in its store for five years and to pay an annual rental therefor in quarterly installments in advance. The lease contained the following provision: "If any installment of said rental shall remain unpaid for thirty days after it becomes due, the entire rental to the end of the lease shall become at once due and payable." A quarterly payment of rent became due December 1, 1900, but has not been paid. On January 31, 1901, an involuntary petition in bankruptcy was filed against the Kugler Syndicate, and subsequently the Kugler Syndicate was adjudged a bankrupt. The Lamson Company claims that the quarterly payment due December 1, 1900, having remained unpaid for 30 days, on December 31, 1900, the entire balance for the unexpired term of the lease, being $717.85, became due and payable. It is admitted that at the time of the bankruptcy $96 was due, and the objecting creditors claim that that is the only amount for which proof can be allowed.

The general rule is that unaccrued rent is not provable in bankruptcy. Lowell on Bankruptcy, § 169, and cases cited.

Bankruptcy acts as a termination of the lease, and unaccrued rent, if called a debt, is one depending on contingencies which cannot be valued. Re Ells (D. C.) 98 Fed. 967, 3 Am. Bankr. Rep. 564.

The general rule at common law is that, if a lease be surrendered and the surrender accepted, or if the tenant be evicted, the liability for unaccrued rent ceases, but a specific covenant in a lease that upon nonpayment of rent the landlord can take possession and relet, if possible, for the account of the lessee, and that the lessee shall remain liable for any deficiency, or for the

whole rent, if no reletting takes place, is valid. In such a case a surrender or eviction extinguishes the technical liability for rent as such, but, the amount unpaid is recoverable as damages. Hall v. Gould, 13 N. Y. 127; Morgan v. Smith, 70 N. Y. 537; Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576.

If a lease contains such a covenant, which does not specifically fix the amount of damages but simply authorizes the landlord to relet for the account of the lessee, that gives rise to a contingent liability not provable in bankruptcy (Re Ells, 98 Fed. 967, 3 Am. Bankr. Rep. 564); but it is said in that case that a covenant in a lease might be worded expressly to authorize a re-entry in case of default and require the lessee in such case to pay at once stipulated damages (Re Ells [D. C.] 98 Fed. 967, 3 Am. Bankr. Rep. 564).

The question presented upon this motion is, I think, a close and difficult one; but my conclusion is that in this case the Lamson Company is entitled to prove for the full amount $717.85. The parties have made a specific contract, which they had a right to do. On the 31st of December a sum equivalent to the total amount of unaccrued rent became due. It was then a fixed liability, evidenced by an instrument in writing, and it was absolutely owing at the time of the filing of the petition, which brings the case precisely within the language of section 63 of the Bankrupt Act. I do not think that there was anything unreasonable in such an agreement, or that the provision is to be construed as a penalty. The evidence shows that the amount paid under such a five years' lease is about the same as would be paid for an outright purchase of the property, that the apparatus has to be specially fitted and adapted to each store in which it is put, and would have almost no value when taken out by the Lamson Company. Not much of the material could be used again. A storekeeper naturally prefers to pay for such an apparatus in the form of rent or installments, rather than to buy it outright for cash. Obviously, if such an apparatus were installed in a store under such a lease, and the lessee should go into bankruptcy in a short time, the Lamson Company would obtain no adequate compensation for furnishing the apparatus. I think it was competent for the parties to provide for the contingency of insolvency by a special covenant in the lease. They have done so in this case, and I think the effect of it is to permit the Lamson Company in this case to prove a claim for the whole balance of the rent.

The case is quite analogous to that of rent payable in advance. A suit for rent in advance can be brought immediately after the date fixed for its payment. Eviction during the period covered by the rent sued for, or any other fact which would bar a recovery for ordinary rent, is no defense. Giles v. Comstock, 4 N. Y. 270, 53 Am. Dec. 374; Learned v. Ryder, 61 Barb. (N. Y.) 552; MacKellar v. Sigler, 47 How. Prac. (N. Y.) 20; Gugel v. Isaacs, 21 App. Div. 503, 48 N. Y. Supp. 594, affirmed 162 N. Y. 636, 57 N. E. 1111.

In view of these authorities, it must follow that rent payable in advance before bankruptcy is provable as a fixed liability in bankruptcy, although the time covered by the rent had not expired at the adjudication. This was held in effect by Mr. Referee Dexter and the decision approved by Judge Brown in Re Dielman & Lincks.

My conclusion is that the claim should be allowed as filed.
Dated May 13, 1901. Geo. C. Holt, Referee.

Adolph M. Schwarz, of New York City (E. Merriam Bagg, of New York City, of counsel), for claimant.

Charles P. Northrop, of New York City, for trustee.

HOLT, District Judge. I think that the rule governing the amount due for rent under an ordinary lease of real estate after eviction or surrender accepted by the landlord may not apply to a claim under a contract relating to the installation and use of a store service apparatus, like that which is the subject of this motion. Land is not substantially injured by its use, and on the termination of an ordinary lease of real estate the landlord takes back the land in substantially its

original condition. In the matter of the Kugler Syndicate, which was before me as referee some years ago, in which the claimant had installed a similar store service apparatus under a lease substantially similar to those executed in this case, it appeared in evidence that the apparatus in question had to be especially adapted to the premises in which it was placed, that when taken out most of it could not be used again, and that the total amount of the rental for the five years was about the price which was charged when an actual purchase was made. Under those circumstances, I held that the so-called lease was substantially an arrangement for payment by installments; that the contract, which provided that, in case of default for a certain number of days, the whole rental should become due, was one which the parties had a right to make; and that, the default having occurred, the liability became fixed, and the claimant was entitled to prove for the full amount. It does not appear in this case whether the same facts exist. I think that, if the property, when it was removed from the bankrupt's store and the possession of it resumed by the Lamson Company, was substantially worth as much as it was when put in, the reasoning of the referee would be correct, and that the rule in respect to the termination of rent after the resumption of possession of real estate would apply; but, if the facts in this case are similar to those in the matter of the Kugler Syndicate, I think it would not apply.

My conclusion is that the case should be sent back to the referee to take further evidence as to the facts in the case.