## SOUTH SIDE TRUST CO. v. WATSON.

### In re HERRICK.

(Circuit Court of Appeals, Third Circuit.   November 8, 1912.)

#### No. 1,614.

BANKRUPTCY (§ 318*)—PROVABLE CLAIMS—RENT—TERMINATION OF LEASE.
   Where a landlord, after the bankruptcy of his tenant, claiming the right under a provision of the lease, brought ejectment, had a judgment entered under a power of attorney contained in the lease, and a writ issued thereon, under which he was put in possession, the lease was thereby terminated, and he cannot prove a claim against the bankrupt estate for rent subsequently accruing under its terms.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

Appeal from the District Court of the United States for the Western District of Pennsylvania;  Charles P. Orr, Judge.

In the matter of Jacob Herrick, bankrupt.   From an order allowing a claim of Rebecca S. Watson for rent, the South Side Trust Company, trustee, appeals.   Reversed.

Alpern & Seder and Lowrie C. Barton, all of Pittsburgh, Pa., for appellant.

Lawrence P. Monahan, of Pittsburgh, Pa., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge.   This is an appeal by the trustee from the allowance of a claim for rent against the bankrupt estate.

For the purposes of this case we assume that in February, 1911, a written instrument was executed, whereby the bankrupt became the lessee of certain premises for one year from May 1st at the monthly rent of $175, payable in advance.   The adjudication was entered January 3, 1912, on a voluntary petition, and on the same day the South Side Trust Company, of Pittsburgh, was appointed receiver—afterwards becoming the trustee.   The rent was then in arrears for November, December, and January;  but this sum has been paid and is not in dispute.   On April 17th the referee allowed the

landlord's claim for the remaining three months of the term—February, March, and April—and it is this allowance that is complained of. In our opinion it should not have been made, as we think will sufficiently appear from these additional facts:

On January 18th the receiver sold certain personal property of the bankrupt upon the leased premises. Before that day the rent for the month had been paid, and, as the Trust Company was in possession, it allowed the purchaser, Louis Shoop, a reasonable time to remove the goods. As the referee has found:

"* * * It further appears from the testimony that, the rent for January having been paid by the trustee, the trustee informed the purchaser that he would have a reasonable time to get the property sold to him off the premises; the idea of Mr. Kirsch, the secretary of the South Side Trust Company, the trustee in the case, being that Shoop would remove the goods in a few days, or at least before the end of the month. The lease was not sold, and Mr. Kirsch expressly disclaims any arrangement by which the purchaser, Shoop, secured from him any tenancy of the premises."

But the purchaser began to sell at auction, and this conduct is said to have annoyed the neighbors and offended the landlord. At all events, the landlord determined to exercise the following power reserved in the lease by paragraph 9:

"Upon breach or violation of any of the foregoing covenants, the said lessor shall have the right, in addition to the other remedies provided by law and hereinafter reserved, to forfeit the lease, and, upon five days' notice, to enter and repossess himself of said premises as of his original estate therein; and, further, the said lessee hereby authorizes and empowers any attorney of record to appear and confess judgment against him in any amicable action of ejectment for the premises above described, and to issue at once a writ of fi. fa. for all costs," etc.

Accordingly an amicable action was brought on January 24th, in which the landlord declared:

"This judgment in ejectment for the said premises is entered upon a determination of the said lease by virtue of default of the said Jacob Herrick in the performance of his agreement to pay the consideration mentioned in said lease, as the same fell due according to the terms thereof, and in permitting the same to be in arrears and unpaid, and in the abandonment of the said premises by the said lessee following bankruptcy of said lessee, and for the purpose of obtaining possession of said premises from one Louis Shoop, who now is in possession of the same without any legal right or authority. Wherefore the said lease has absolutely ceased and determined, which absolute ceasing and determining of the said lease the said [landlord] hereby declares and avers."

Whereupon the landlord's attorney entered an appearance for the bankrupt and on January 24th confessed a judgment in ejectment for the premises. On the same day a writ of habere facias possessionem was issued, and on January 29th the sheriff returned that he had executed the writ by delivering possession to the landlord, and by collecting the costs. Between these two dates, namely, on January 25th, Shoop had applied to the common pleas court to stay the writ of possession on the ground, inter alia, that he had not received five days' notice to vacate, and a hearing was had on January 26th. The court made no order, but on that day the purchaser voluntarily left the premises, and the sheriff handed over

the keys to the landlord's agent, who continued to have them in charge. On February 6th the landlord filed a claim ·for all the rent due or to become due until May 1st, and the referee (affirmed by the District Court without an opinion) allowed it, apparently without giving proper weight to the judicial proceedings just referred to.

It seems clear to us that, if these proceedings receive their due effect, the claim cannot be sustained. The landlord's motive for instituting the ejectment is of no importance. The fact is that the action was begun and was carried to judgment, and that the judgment was executed by the delivery of possession. This appears by the record, and the record cannot be contradicted by parol. The landlord expressly declares of record that the lease has come to an end and that the action is brought to obtain possession, and this is followed by judgment and execution. Nevertheless, the landlord was permitted to contradict these averments, and to offer evidence that the real object of the proceeding was much more limited, namely, to put out an objectionable occupier. We cannot agree that such evidence was proper. We accept the record for what it says, and must therefore hold that the lease was determined and possession resumed before February 1st.

Was the landlord still entitled to rent for the remaining three months? It is not easy to see the justice of the argument that he is entitled to a year's rent in full as a preferred claim under the Pennsylvania statute, although he· has retaken possession of the premises before the rent fell due, and by his own act has ceased to be ·the lessor. Whether or not the present landlord (if possession had not been retaken) would have had a provable claim for the remaining· three months of the term, under the provision that "in case of such execution, bankruptcy, etc. [the landlord might] demand and receive the rent for the balance of the term from the funds so derived," need not now be determined. There is some difference of opinion on this subject, but it need' not be discussed; for the only question now is whether the landlord may resume possession and still claim rent for the remainder of the term. Upon this point the case of In re Pittsburgh Drug Co. (D. C.) 164 Fed. 482, is relied on by the referee, but is, we think, distinguishable without difficulty; for the report there discloses that the landlord had refused to accept surrender of the premises or to retake possession in any way —and this is a situation differing essentially from the case before us. Whatever other question was then decided need not now be considered, and we intimate no opinion thereon. Upon the only subject with which we are obliged to deal, this court has already expressed its view. In Wilson v. Pennsylvania Trust Co., 114 Fed. 743, 52 C. C. A. 375, it is said:

"Assuming the validity of the stipulation (which was similar to the provision now· in question), these consequences would follow its enforcement: In the first place, under the Pennsylvania act of 1836, the landlord would be entitled to priority of payment out of the proceeds of sale of the tenant's goods upon, the demised premises to the extent of one year's rent. Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451. Secondly, the rent for the entire residue of the term would be provable as an unpreferred debt, entitled only to a pro rata dividend, and the unexpired portion of the term would

become an asset of the bankrupt's estate, to be disposed of by the trustee in bankruptcy for the benefit of the estate. The latter result, however, this claimant repudiated altogether. He sought a partial and one-sided enforcement of the stipulation. He attempted to secure a preference for one year's rent, and at the same time retain his interest as landlord unimpaired in the residue of the term. He took that position at the start, and held it to the end. His proof was only for a single year's rent as a preferred debt, and then at the expiration of the year he took, and has since maintained, exclusive possession of the leased premises. The court held—and, we think, rightly —that the claimant could not split up the term in that way. The contract was not divisible. If the claimant desired to avail himself of the stipulation as to bankruptcy for the purpose of securing a preference for one year's rent, he was bound to conform to the contract as a whole. But this he declined to do."

We see no reason to doubt the soundness of this reasoning, and, if it be applied to the facts of the present controversy, it follows that the landlord's claim for the last three months of the term must be disallowed. A landlord cannot be allowed rent for the use of premises while he himself is in possession.

We therefore reverse the order of the District Court entered May 14, 1912, at the costs of the landlord, and direct the claim to be disallowed.