### In re MILLER BROS. GROCERY CO.

### In re LAMSON CO.

(District Court, N. D. Ohio, W. D. May 29, 1913.)

BANKRUPTCY (§ 316*)—CLAIMS—"FIXED LIABILITY."

 Claimant's assignor furnished a cable cash carrier system to the bankrupt under a lease for $1,750, with a credit of $100 thereon for systems returned, and providing for payment of $250 a year during the seven-year term of the lease, to be paid quarterly, in advance, on the 1st days of March, June, September, and December. The lease also provided that, if any installment of rent should remain unpaid for 60 days, the entire rent owing under the lease should become due without demand, and that on breach by the lessee of any of the covenants, or in case it became a bankrupt, the balance of the rental for the entire term should be at once due and payable, with interest on demand on the part of the lessor, and that the latter at any time might enter the premises, take possession of the system, and terminate all rights or interest of the lessee. The installment due March 1, 1912, was never paid, and on May 16th thereafter a petition in bankruptcy was filed against the lessee. Before claimant filed its proof of claim it took possession of the system and filed for the full amount of the rent, less the $100 credit and $31.65 paid on account of the first quarter's rent prior to March 1, 1912. *Held*, that since the lessee was in default for and was owing the installment, which should have been paid on March 1st, when bankruptcy intervened, and such debt remained unpaid for more than 60 days, it had become definitely liable for the whole amount of the rent,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and hence such amount was a "fixed liability" within the Bankruptcy Act, absolutely owing, for which claimant was entitled to prove.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 474–477; Dec. Dig. § 316.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Miller Bros. Grocery Company. On petition to review a referee's order disallowing the claim of the Lamson Company. Petition granted, and claim allowed.

L. B. Hall, of Toledo, Ohio, for trustee.

Fritsche, Kruse & Winchester, of Toledo, Ohio, for Lamson Co.

KILLITS, District Judge. This matter is before the court on petition to review the order of the referee disallowing the claim of the Lamson Company. On the 15th of November, 1911, the Lamson Consolidated Store Service Company, predecessor of the claimant, and to whom its rights under the lease hereinafter referred to have been transferred, leased in writing an installment of the cable cash carrier system to the bankrupt for the sum of $1,750, with a credit of $100 thereon for the systems returned, and upon terms providing that the rental sum of $250 per annum during the continuance of the seven-year term of the lease should be paid in quarterly installments in advance, beginning on the 1st days of March, June, September, and December. The lease further provided:

"If any installment of rental shall remain unpaid for 60 days after it becomes due, the entire rental owing under this lease shall become at once payable *without demand.* * * * These presents are upon this condition: That in case of a breach by lessee of any of the covenants or agreements herein, or in case the lessee becomes bankrupt, the balance of the rental for the entire term of this lease shall be considered at once due and payable *without notice or demand on the part of the lessor.* And it is further provided that the lessor may, at any time after such breach of this lease occurs, enter the premises and take possession of said system, and thereby terminate all right or interest of the lessee in said system."

The installment of the rental sum due on the 1st day of March, 1912, was never paid, and on May 16 thereafter, an expiration of 77 days, the petition in bankruptcy in this case was filed. Some time in August, and prior to the 28th, on which date claimant filed its proof of claim, possession had been taken by the lessor of the cash carrier system. The proof of claim is for $1,618.35, being the full amount of the rental, less the aforesaid credit of $100 and $31.65 paid on account of the first quarter's rent, prior to the 1st of March, 1912.

Exceptions were filed by the trustee, on the ground that there was nothing owing to the claimant at the time of the filing of the petition in bankruptcy, and that the claim is not a fixed liability absolutely owing by the bankrupt at the time of the filing of the petition. These exceptions were sustained by the referee, substantially on the authority of the case of Lamson Consolidated Store Service Company v. Bowland (decided by the Circuit Court of Appeals of this Circuit) 114 Fed. 639, 52 C. C. A. 335, and Wilson v. Pennsylvania Trust Company, 114 Fed. 742, 52 C. C. A. 374.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This court is of the opinion that the exceptions of the trustee are not well founded. In the first place, by the plain terms of the lease, when the petition in bankruptcy was filed, March 16, 1912, at least the bankrupt was in default for and was owing the rental installment of $250, which should have been paid March 1, and by the plain terms of the lease, if they are to be given effect, because the bankrupt had left this debt unpaid for more than 60 days, it had become definitely liable to the lessor for the whole amount of the rental sum, which is confessedly the amount of claimant's proof.

The differences material here to be noticed between the contract considered by the Circuit Court of Appeals in the Bowland Case, supra, and the case at bar, are indicated by the underscoring in the above recitation of the terms of the present lease. The Bowland lease contained no provisions waiving demand on default in payment of rent, or demand declaring the accrual of the whole rental sum because of such default. Another very material difference in fact between the Bowland Case and the instant case is that in the former the bankruptcy petition was filed at a time when there was no default in the payment of rental under the lease, having occurred before the date when a new advance payment should have been made, and it seems that in the Bowland Case the claimant was undertaking to demand the whole amount of the rental sum under that provision of the lease which made the institution of bankruptcy proceedings effect a determination. Speaking of that provision in the Bowland lease which is identical with the first provision quoted by us from the present lease, except that the latter has, in addition, the underscored words waiving demand, Judge Lurton said:

"It is entirely competent to contract that the consequence of a default in the payment of an installment of interest for the use of money, or of rent for the use of property, shall be the precipitancy of the maturity of the principal of the money loaned, or of future installments for the rental of the property in respect to which default has been made."

With this statement of what is undoubtedly the law, it seems to us that it becomes immediately plain that the fact of an undoubted default of more than 60 days, added to the clear provision of the lease that a demand establishing such default need not be made, vested in the claimant a "fixed liability [against bankrupt] * * * absolutely owing at the time of the filing of the petition," under section 63 of the Bankruptcy Act.

Speaking again of the Bowland Case, Judge Lurton, after recognizing that a re-entry might be made after default of rent, if demand is duly made, proceeds:

"Of course, it was competent to provide for a forfeiture without demand; but the contract in question contains no stipulation to that effect. Inasmuch as the agreement does not provide in express terms that the liability of the lessee should continue after the re-entry of the lessor, we must conclude that no liability for future rents was intended."

However, in the case before us, it is seen that the lease provides for a forfeiture without demand, and if we may assume that the fact that the lessor took possession of the system before presenting its claim

has any effect on the latter, such result does not lessen the claim of the lessor, which had been definitely fixed as a liability against the bankrupt before the bankruptcy petition was filed, and the situation, therefore, is just the reverse of that in the Bowland Case, and is the situation which Judge Lurton says may be competently provided for in the contract.

A court should not find itself too closely controlled in circumstances of this character by the authorities which ` deal with leased property which remains unabated in usefulness after seizure or re-entry by the lessor. The lessor of realty after re-entry may enjoy a fair measure of the usufruct thereof as that provided in the rental contract; but, as the evidence shows in this case, property of this sort, having been cut and fitted and otherwise adapted to the special need of the business and the business premises of the particular lessee, may be, as it is claimed without dispute is the fact here, little more than junk on the hands of the lessor. If the provision for retaking is not allowed to operate without affecting the demand for future installments of rent, it might very well happen, as seems to be the case here, that the lessor, having gone to special effort in adapting a system to the special needs of a particular store equipment, might not receive, in. cash rental and the value of the junked system retaken, sufficient monetary return to reach his outlay. There also seems good reason why it is to the lessor's interest that a system of this sort, meeting competition by others of the same class, should not be permitted to become the subject of unrestricted sale or installation. At any rate, the bargain, as we are now allowing it to be enforced, is just as the bankrupt made it, and is one which is supportable in law. As we have hinted, a controlling difference in fact between the instant case and that of Bowland,' in addition to the changes in the contract, is that here the claim does not depend on the fact of bankruptcy, but ripened, without demand, to the claimant, as a fixed liability on May 1, or 16 days before the filing of the petition.

This case, in our judgment, is to be classed with that of In re Pittsburg Drug Co. (D. C.) 164 Fed. 482, rather than the Bowland Case. Judge Holt, of the Southern District of New York, in the case of In re Caswell-Massey Co., 208 Fed. 571, from the record shown us, in passing upon the claim of the Lamson Consolidated Store Service Company against the bankrupt, has rendered a decision on the same lines occupied by us in the foregoing, and in so doing reviewed, with approval, his own decision as referee, upon a similar state of facts in the Matter of the Kugler Syndicate, Bankrupt, in the District Court for the Southern District of New York, rendered May 13, 1901.

It follows that the petition for review should be allowed, and the claim of the Lamson Company should be allowed in the sum of $1,-618.35.