### In re H. M. LASKER CO., Inc.

#### (Circuit Court of Appeals, Third Circuit. April 24, 1918.)

#### No. 2341.

Bankruptcy ☞314(1)—Provable Claims—Rent—Termination of Lease.
  A landlord cannot be allowed from the estate of a bankrupt rent for the use of premises while he himself is in possession.

Appeal from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

In the matter of the H. M. Lasker Company, Incorporated, bankrupt. On claim by Louis A. Meyran for rent. From a decree confirming disallowance by the referee, claimant appeals. Affirmed.

William Macrum, of Pittsburgh, Pa., for appellant.
Leonard S. Levin, of Pittsburgh, Pa., for trustee in bankruptcy.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal by a landlord from the decree of the court below, confirming the action of a referee in bankruptcy denying his right to collect some $7,000 of rent alleged to be due from the bankrupt estate. The claim was based on this clause in the lease:

"The parties hereto mutually covenant and agree that the work of constructing said arcade (furnishing an entrance to Fifth avenue) shall be begun and prosecuted to completion with due diligence by said landlord substantially in accordance with plans and specifications prepared by F. J. Osterling, architect, and heretofore approved by said parties, as soon as possession and free opportunity for the purpose will be afforded by said lessee; the cost of all showcases placed in said arcade, and of fittings or equipment in same, special to lessee's business, to be ascertained by said architect immediately upon completion, and repaid by said lessee to said landlord in five yearly installments equal as respects principal, with interest on unpaid balance added to each installment; such five installments to be collectible as rent."

The referee upheld the claim of the landlord for the amount of rent due at the time of the filing of the petition, plus rent for the premises while they were occupied by the receiver, but denied that

---

part of the rent which was payable subsequent to August 27, 1917. In that respect the referee said:

"It is argued by the learned counsel for the landlord that the whole sum for the improvements having been paid by the landlord should be considered as rent due, and therefore should be allowed in full. But the referee is unable to agree with this contention, for by the other terms of the lease, making this sum due as rent, it is provided that it shall be payable in five equal annual installments, and which was further modified by making it due in monthly installments as rent. The landlord, having taken possession of the premises at the termination of the receiver's occupancy, and having re-rented it, is not entitled to take advantage of the clause in the lease making the whole rent for the entire term become due on the happening of this bankruptcy proceeding, under the authority of Wilson v. Pennsylvania Trust Co., 114 Fed. 742, 52 C. C. A. 374, 8 Am. Bankr. Rep. 169."

The court subsequently adopted and approved the action of the referee, saying:

"The case of Wilson v. Pennsylvania Trust Co., 114 Fed. 742, 52 C. C. A. 374, 8 Am. Bankr. Rep. 169, cited by the referee, is supported by the opinion of the Circuit Court of Appeals for the Third Circuit in the case of South Side Trust Co. v. Watson, 200 Fed. 50, 118 C. C. A. 278, 29 Am. Bankr. Rep. 446. Both on principle and under the authorities, I think a landlord cannot be allowed rent for the use of premises while he himself is in possession."

As we view the case, the present appeal in substance asks us to reverse the case of South Side Trust Co. v. Watson, 200 Fed. 50, 118 C. C. A. 278. The question involved in that case, as there stated by us, was whether "the landlord may resume possession and still claim rent for the remainder of the term," and we held that "a landlord cannot be allowed rent for the use of premises while he himself is in possession." We think the same question is here involved, and that the present case accordingly narrows down to the issue whether a landlord, who has retaken possession of demised premises, can maintain a claim for rent for the residue of the term. Without entering into a discussion of the numerous cases cited by the brief for the appellant, or discussing at length those cases and answering in detail the contention of counsel, we may say that we see no reason to differ from the opinions and conclusions of this court in Wilson v. Pennsylvania Trust Co., 114 Fed. 742, 52 C. C. A. 374, and South Side Trust Co. v. Watson, 200 Fed. 50, 118 C. C. A. 278.

We believe those decisions are based on sound and common-sense principles, and that we should adhere, as we do, to our former view that "a landlord cannot be allowed rent for the use of premises while he himself is in possession."

The decree of the court below, approving the action of the referee, is therefore affirmed.