## In re BARNETT.

(District Court, S. D. New York. January 19, 1925.)

**1. Courts ☞359.**

State law governing leases of real property will be applied in bankruptcy court.

**2. Bankruptcy ☞345—Landlord and tenant ☞193, 194(2)—By law of Pennsylvania landlord canceling lease or accepting surrender loses claim for future rent, and, if lease is not terminated on tenant's bankruptcy, his claim for such rent is that of general creditor without priority, but he cannot have both premises and claim for future rent (Act Pa. June 16, 1836, § 83 [P. L. 777; Pa. St. 1920, § 13695]).**

In Pennsylvania, if landlord cancels or accepts surrender of lease, he has no claim for future rents, and, if lease is not terminated on servant's bankruptcy, landlord may prove his claim for future rent as general creditor of bankrupt tenant, but he cannot have both premises and claim for future rent, in view of Act Pa. June 16, 1836, § 83 (P. L. 777; Pa. St. 1920, § 13695).

**3. Landlord and tenant ☞182.**

Lease provision that rent for balance of term shall become due and payable on tenant's default or bankruptcy is not against public policy in Pennsylvania.

**4. Bankruptcy ☞345—Landlord, invoking lease provision that on tenant's bankruptcy future rent becomes due, held not entitled to priority against tenant's deposit, but is merely general creditor.**

In Pennsylvania, landlord of bankrupt, who invokes provision of lease that on tenant's bankruptcy or default all future rents become due, may file claim for future rent as general creditor only, and does not have priority of payment out of tenant's deposit.

In Bankruptcy. In the matter of Bertrand Barnett, trading as Culver & Co., bankrupt. On petition of the United Cigar Stores Company of America to review an order of the referee in bankruptcy directing petitioner to return to the trustee in bankruptcy the bankrupt's deposit under a lease from petitioner, with certain deductions. Affirmed.

Order affirmed in 12 F.(2d) 73.

Kremer & Leavitt, of New York City (Samuel Leavitt, of New York City, of counsel), for trustee.

Stroock & Stroock, of New York City (Charles Levy, of New York City, of counsel), for United Cigar Stores Co. of America.

GODDARD, District Judge. This matter comes before me upon the petition to review an order of the referee in bankruptcy directing the landlord to return to the trustee in bankruptcy of the tenant Liberty bonds which had been deposited by the tenant with the landlord, after deducting $625, the proceeds from the sale of chattels on the premises, to which the landlord has a prior claim under the Pennsylvania statute.

## Facts.

The landlord, the United Cigar Stores Company of America, leased to Culver & Co., stockbrokers, an office in Pittsburgh, Pa. The lease was to run from the 19th day of July, 1921, to the 31st day of August, 1926, at an annual rental of $7,500 per annum, payable in equal monthly payments in advance on the 1st day of each month. The tenant deposited with the landlord United States Liberty bonds of the par value of $1,250, with coupons attached. The lease contained the following clause:

"In the event that the lessee shall faithfully and fully pay the said rent, and keep and perform each and every of the covenants, agreements, and provisions in this lease to be kept and performed by the lessee, up to and during the full term and period of this lease, then the lessor will, upon the expiration of the term, return to the lessee the aforementioned Liberty bonds. In the event, however, that the lessee shall be dispossessed from, or shall vacate or abandon, the premises, or shall fail, neglect, or omit at any time, either during the said term or after the term shall be terminated by dispossess or summary proceedings, or entry or re-entry by the lessor, to perform and fulfill each and every of the covenants, agreements, and conditions in this lease to be kept, performed, and fulfilled by the lessee, then the lessor may sell the said Liberty bonds, * * * and use and apply the proceeds thereof, so far as the same will apply, toward the payment of the rent reserved, and any other sums by the lessee agreed to be paid, and to the performance of the covenants and agreements in this lease contained to be kept, performed, or fulfilled by the lessee, including any loss and/or deficiency which the lessee has agreed to pay,

and it is agreed that no action or proceeding of any kind shall be instituted, begun, or carried on by the lessee in relation to the bonds so deposited until three months after the expiration of the full term of this lease as originally made."

An involuntary petition in bankruptcy was filed against the tenant on October 4, 1922, and on October 16, 1922, the landlord sent the following notice to the receiver in bankruptcy, who had been appointed, and also to the bankrupt:

"Please take notice that the lease dated July 19, 1921, covering the front portion of the mezzanine floor in the building situate at the northwest corner of Smithfield street and Fourth avenue, Pittsburgh, Pa., made by the undersigned, as lessor, to Harry W. Culver and Patrick H. Ryan, as lessees, and assigned by said lessees by instrument dated June 23, 1922, to Bertrand Barnett, trading under the name and style of Culver & Co., which lease is for a term commencing September 1, 1921, and by the terms thereof expires August 31, 1926, and the lease dated June 2, 1922, made by the undersigned to Bertrand Barnett, of the small window space on the Fourth avenue side in the said building, which lease commenced on the 1st day of June, 1922, and by its terms expires on the 31st day of August, 1926 (said premises being more particularly described in the leases), are canceled and terminated, and will expire under and pursuant to this notice on the 20th day of October, 1922, on or before which date you will be required to vacate and surrender possession of the premises to the undersigned.

"This notice is given to you under and pursuant to the rights afforded to the undersigned, as lessor, under and by the terms of the above-mentioned leases, and more particularly to the provision thereof reading as follows: 'If, at any time, proceedings in bankruptcy shall be instituted by or against the lessee, or if the lessee shall compound the lessee's debts, or assign over the lessee's estate or effects for payment thereof, or if any execution shall issue against the lessee, or any of the lessee's effects whatsoever, or if a receiver or trustee shall be appointed of the lessee's property, or if this lease shall by operation of law devolve upon or pass to any person or persons other than the said lessee personally, then and in each of said cases this lease shall cease and come to an end three days after notice shall be sent by mail by the lessor to the lessee addressed to the premises. Upon such termination all future installments of rent unpaid, and all other sums due

and payable, or to become due and payable, by the lessee, shall at once become due and payable. Acceptance by the lessor of any sums either for rent or use and occupation of the whole or any part of the demised premises from any one other than the lessee personally shall not be nor be deemed to be a waiver of any of the lessor's rights and remedies hereunder.'

"Said leases, are so terminated for the reasons that proceedings in bankruptcy have been instituted against said Bertrand Barnett and a receiver of the said Barnett's property has been appointed. The undersigned further reserves all of the rights and remedies granted to it by the terms, covenants, and conditions of said leases, in addition to such other legal and equitable rights and remedies as it may have in the premises."

On October 20, 1922, the landlord took possession of the premises, pursuant to this notice. The fixtures on the premises were sold for a net amount of $625. The referee found that the landlord was entitled to the proceeds of the sale of the fixtures on the premises, amounting to $625, and that the trustee is entitled to the Liberty bonds, and directed the landlord to return the Liberty bonds to the trustee, after deducting the $625.

It is to be noted that the landlord canceled the lease, and that this is not an instance of a landlord repossessing the premises for the purpose of reletting it for the account of tenant, and the tenant remaining liable for any deficiency. Under quite similar circumstances, the Supreme Court of New Jersey, in the case of United Cigar Stores Company v. Heithaus (No. 428,. June term 1922) 132 A. 655, held that the landlord was not compelled to return to the bankrupt estate a fund deposited with him by the tenant, and Judge A. N. Hand, in Re Samuel Nathanson, 11 F. (2d) 622, in an opinion rendered by him May 8, 1924, in the District Court for the Southern District of New York, also held that the landlord might hold the fund and apply it to any deficiency which the landlord might sustain for future rents; Judge Hand stating, in his opinion, that the District Court for the Southern District of New York should recognize a local rule "of independent covenants," which survived the termination of the relationship of landlord and tenant.

[1, 2] But in Pennsylvania, and this case is controlled by the law of Pennsylvania and the decisions relating thereto, it has been held in a number of cases that, when the landlord cancels or accepts a surrender of the lease, he has no claim for future rent; that, if the lease is not terminated, the landlord may, under these conditions, prove his claim as a general creditor for the nonpayment of future rent, but he cannot have both the premises and also a claim for future rent. A statute of Pennsylvania (Act June 16, 1836, § 83. [P. L. 777; Pa. St. 1920, § 13695]) gives a landlord a priority claim to the extent of one year's rent from the proceeds of chattels upon the premises demised, and it is quite likely that because of this priority the courts there do not seem to recognize the theory of independent covenants.

In Wilson v. Pennsylvania Trust Co., 114 F. 742, 52 C. C. A. 374, a lease for five years contained a provision that, in the event of bankruptcy, the entire future rent should become due and payable immediately. It was held that the lessor could not have both possession of the premises and file a claim against the bankrupt estate for future rent.

It has been held, under the law of Pennsylvania, that a provision in a lease, providing that rent for the balance of the term shall at once become due and payable upon default by the tenant of any of its conditions, is not against public policy, and will be sustained to the extent of giving the landlord priority for one year's rent from the proceeds of the sale of distrained goods. Platt Barber Co. v. Johnson, 31 A. 935, 168 Pa. 47, 47 Am. St. Rep. 877.

Schomacker Piano Forte Mfg. Co. (D. C.) 163 F. 413, held that, where a landlord accepts surrender of the premises, he waived all rights for future rents. Another case construing the Pennsylvania statute is Lamson Consolidated Store Service v. Bowland, 114 F. 639, 52 C. C. A. 335, which held that a re-entry for breach of covenant or condition precludes the right to recover rent which has not accrued before re-entry. See, also, Rosenblum v. Uber, 256 F. 584, 167 C. C. A. 614; In re Keith-Gara Co. (D. C.) 203 F. 585, affirmed 213 F. 450, 130 C. C. A. 96; In re H. M. Lasker Co., 251 F. 53, 163 C. C. A. 303; In re Pittsburg Drug Co. (D. C.) 164 F. 482.

In Rosenblum v. Uber, supra, Circuit Judge Woolley, at page 589 (167 C. C. A. 619), states: "He [the trustee] may, if the landlord consents, surrender the lease. whereupon the landlord regains possession of the premises, and all unmatured obligations between the parties depending upon the continuance of the leasehold estate are terminated."

[3, 4] So it seems to me there are two reasons why the landlord cannot keep this deposit to the exclusion of the other creditors—

one of them, because the lease has terminated and consequently no claim against it can arise; the other, that even if the landlord had not canceled the lease, but had invoked the clause which provided that upon the tenant's bankruptcy or their default in the conditions of the lease, all future rent immediately becomes due, which the cases cited above hold might have been done in Pennsylvania, then the landlord could file such claim as a general creditor only, and would have no priority of payment from the funds which were held by it for the tenant.

Accordingly the referee was right in directing the landlord to turn over to the trustee the Liberty bonds after permitting him to deduct the said $625 realized from the sale of the distrained property.

Settle order on notice.