## ELECTRIC APPLIANCE CO. v. ELLIS.

## In re GRAEBING DRUG & DISTRIBUTING CO.

(Circuit Court of Appeals. Third Circuit. February 9, 1925.)

No. 3213.

Bankruptcy ⟨⟩255—Landlord cannot, without consent of tenant, resume possession of part of premises and recover rent for the remaining part.

The landlord of bankrupt, under a lease providing that on bankruptcy rent for the remainder of the term should become due and payable, on tender of the premises by the trustee, and without further agreement with him, took possession of and occupied a part of the premises. Held, that it could not split the lease, and, having taken possession of part, could not recover rent for the remainder thereafter.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

In the matter of the Graebing Drug & Distributing Company, bankrupt; A. C. Ellis, trustee. The Electric Appliance Com-

pany appeals from an order of the District Court. Affirmed.

For opinion below, see 1 F.(2d) 397.

Calvert, Thompson & Wilson, of Pittsburgh, Pa., for appellant.

McIlvain, Murphy & Mohn and Ben Paul Brasley, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The case concerns a claim for rent for an entire term, which by the lease became due in advance by reason of bankruptcy. Instead of standing on his rights, the landlord, after the bankruptcy, took possession of the premises under the following circumstances:

Following bankruptcy, the trustee notified the landlord he elected not to continue in possession, and tendered possession. The landlord thereupon wrote the trustee that he "will accept the surrender of the premises upon the express condition that he will care for the building and rent it, if possible, for the benefit of the estate." To this the trustee replied, by adhering to his unqualified surrender and tender of the premises, and adding: "I beg to say I could not bind the estate for future rent, as I have no authority to do so."

Subsequently the landlord himself entered into possession, used the premises himself, and placed it in the hands of a real estate agent for rent, but under condition that, if rented, he was himself to have a certain number of days in which to vacate. Thereafter he claimed to recover the rent for the full term, giving due credit for a fair monthly rental for the time he used it while the real estate agent was trying to rent. This claim the referee refused, holding:

"The landlord, who claims rent in advance to the end of the term, must permit the tenant's trustee in bankruptcy to have the use of the premises to the end of the term. The landlord cannot have both the rent and the possession, nor can he, in the absence of any agreement, split the term, and have rent for part of it, and possession for the rest. Wilson v. Pennsylvania Trust Co., 114 F. 742, 52 C. C. A. 374, 8 Am. Bankr. Rep. 169. A lease is an entire contract. McClurg v. Price & Simms, 59 Pa. 420, 98 Am. Dec. 356. The landlord, having resumed the occupancy of part of the premises without the consent of the tenant, cannot claim an apportioned rent for the rest."

On certificate, the court followed the holding of the referee, and such action is here assigned as error.

We hold the referee and court were right. In the adjustment of rent questions, the courts of the Pennsylvania districts have followed Wilson v. Pennsylvania Trust Co., 114 F. 742, 52 C. C. A. 374, in holding that if, without agreement, the landlord split the term, he could not claim it as though unsplit.

It is urged that the present case is ruled by Rosenblum v. Uber, 256 F. 590, 167 C. C. A. 614; but the facts of the present case are essentially different. The parties in the Rosenblum Case acted under an agreement, in that the qualified offer of the landlord in taking possession was accepted by the trustee. Here the qualified offer of the landlord was unqualifiedly rejected by the trustee, and the subsequent taking of possession and occupation of the premises by the landlord was his own independent act. When the differing facts in the Wilson and Rosenblum Cases are noted, it will be seen the latter case is in no way a departure from the former.

The judgment below is affirmed.