## In re BAUM & RUBIN.

District Court, N. D. Texas, Dallas Division. June 25, 1928.

No. 2624.

**I. Landlord and tenant ⬤➾101½—Provision of lease held not automatically to work forfeiture on bankruptcy of tenant.**

Provision of lease requiring lessee to operate business actively, and not to permit goods or fixtures on premises to be seized under legal process, or pass into hands of receiver or trustee in bankruptcy, *held* not to work forfeiture automatically on bankruptcy of lessee.

**2. Contracts ⬤➾318—Forfeitures are not favored, and, where instrument contains blanket provision fixing other relief, court will favor such remedy.**

Forfeitures are not favored, and when there is found in the same instrument a blanket provision fixing the relief that a party may have, the court will favor such a remedy, to the exclusion of the harsher one by forfeiture.

**3. Bankruptcy ⬤➾255—Trustee in bankruptcy, assuming lease, is bound to same extent as was tenant.**

Trustee in bankruptcy, assuming lease, is bound to the landlord to the same extent as was the tenant.

**4. Bankruptcy ⬤➾255—Landlord, after trustee's refusal to assume lease, was within her legal right in asking for statutory lien for rent for balance of year and thereafter resuming possession.**

Where trustee in bankruptcy refused to take over tenant's lease, the landlord was within her right in asking for statutory lien for rent for balance of year, and then resuming possession of building at expiration of that time, though she could not have done so, had trustee not refused lease.

In Bankruptcy. In the matter of Baum & Rubin, bankrupts. On review of an order of the referee, expunging a landlord's lien claim. Decision of referee reversed.

Locke, Locke, Stroud & Randolph, of Dallas, Tex., for landlord.

R. A. Ritchie, of Dallas, Tex., for trustee.

ATWELL, District Judge. [1] If section 11 of the lease in question, which reads as follows: "That the lessees shall actively operate their said business in said storeroom during the period of this lease, and shall not permit or suffer any of the goods, wares, chattels, implements, fixtures, furniture, tools, or other personal property which may be on the said premises at any time during the period of said lease to be seized under any legal process, or to pass into the hands of any receiver or trustee in bankruptcy, or other officer, and that this lease shall

be personal to lessees, and shall not inure to the benefit of any receiver or trustee in bankruptcy as an asset of the said lessees"—automatically worked a forfeiture, when bankruptcy came, so far as the trustee is concerned, there can be no recovery by the landlord. If this covenant was merely a condition subsequent, unadvantaged by the landlord, then she has the right given her by the Texas statute.

[2] Certain penalties are fixed in clause 8 of the lease. Forfeitures are not favorites, and when there is found, in the same instrument, a blanket provision fixing the relief that a party thereto may have, the court will favor such a remedy to the exclusion of the harsher one of forfeiture.

Without clause 11 the landlord would be entitled to her lien for the current year. Clause 11 cannot mean that the lease is inoperative as to a trustee in bankruptcy, but continues to be valid for the tenant. If valid for the tenant, it is an asset of the tenant's estate and passes to the trustee. Since the landlord has specifically refused to forfeit the lease, because of bankruptcy, clause 11 does not deprive her of her right to the statutory lien for the current year. She has refused to take over the property and has refused to prohibit any one else from taking it over. The bankrupt used the building from the 1st of January, 1928, to January 16, 1928, when the petition in bankruptcy was filed. The receiver took over the property on that date, and was appointed trustee on the 27th of January. He continued to occupy the property until he was able to make a sale, and the buyer, Ely-Walker Company, continued to occupy it for a short time, until it could conveniently vacate. The stock was removed by the buyer from the premises.

[3] The contract between the bankrupts and the landlord must have read into it the law of bankruptcy. Such law is also in harmony with the state lien statute. The contract, the bankruptcy law, and the state lien, when considered together, leave a valid rental contract for two years, from January 1, 1928, which, upon bankruptcy, vested in the trustee, if he wished to assume it, and if he did assume it he was bound to the landlord to the same extent as was the tenant. If he wished to repudiate the lease, the landlord might take it over entirely, without making any claim against the estate, except for that portion that the trustee must of necessity have used it in getting rid of the stock. But, if the landlord wished to take advantage of the state lien statute, she could do so and have her lien for the unexpired part of the current year. She cannot have her lien for the current year and her building for the following year, unless the trustee refuses to assume the lease. Southside Trust Co. v. Watson (C. C. A.) 200 F. 50; Wilson v. Pennsylvania Trust Co. (C. C. A.) 114 F. 742; Electric Appliance Co. v. Ellis (C. C. A.) 4 F.(2d) 108.

[4] The trustee having exercised his legal right to refuse to take over the lease, the landlord was entirely within her legal right when she asked for the statutory lien for the remainder of 1928, and then resumes possession of her building at the expiration of that time. She could not have done this, unless and until the trustee refused to take; but his refusal to take cannot deprive her of her lawful lien for the current year. Having to pay her for that year, the lease becomes an asset of the estate for that time, and at the expiration of that time reverts to the landlord for her advantage, and the estate is relieved of any further liability thereon, and the landlord is relieved from such loss, as resulted from the bankruptcy, as she may be able to save by reason of the repossession of her property, which the trustee refused.

The decision of the referee is reversed, and the landlord may approve her claim in accordance herewith.