### In re UNITED CIGAR STORES CO. OF AMERICA.

### No. 55129.

District Court, S. D. New York.
Aug. 17, 1933.

Cravath, De Gersdorff, Swaine & Wood, of New York City (Thomas T. Cooke, of New York City, of counsel), for Irving Trust Co., trustee.

Henry S. Miller, of New York City, for claimant William O. Hay, executor.

## PATTERSON, District Judge.

The case presents another controversy as to the provability of a landlord's claim for future rent against the estate of the bankrupt tenant. The referee granted a motion of the trustee in bankruptcy to strike from the landlord's proof of claim the amount claimed on account of rent to become due in the future. The matter comes up on petition to review.

In 1922 the Hay estate made a lease to the bankrupt of certain real estate in Easton, Pa. The term was for twenty years commencing March 1, 1926. The tenant was to pay a graduated scale of rent monthly in advance and was also to pay taxes and other charges. The petition in bankruptcy was filed and the tenant adjudicated bankrupt on August 29, 1932. All rent had been paid up to September 1, 1932. By notice of November 1, 1932, the trustee in bankruptcy notified the landlord that it elected to reject the lease. Shortly thereafter the landlord re-entered the premises, rented them to others at reduced figures, and filed claim against the bankrupt estate. The claim is in part for certain taxes for 1932 which under the lease were payable by the tenant prior to bankruptcy. This part of the claim is not disputed. The greater part of the claim, however, is for damages for the loss of rent during the unexpired portion of the term.

The landlord relies upon two provisions in the lease. The first is the one commonly found in leases, that in case of default by the tenant in any of its covenants or in case of bankruptcy of the tenant, the landlord may terminate the lease, the tenant to indemnify the landlord against loss of rent by reason of such termination. The second is a provision for confession of judgment, reading: "The lessee confesses judgment for the rent reserved for said term, and for each renewal, with stay of execution until the several days of payment; such judgments to be entered successively as renewals take place, and judgment may be entered for all rent in arrears."

The provision that on default or bankruptcy of the tenant the landlord might terminate the lease and hold the tenant for loss of rent is of no assistance to the landlord here. His exercise of the option to terminate came after bankruptcy and did not create a provable claim. On this point In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270, is conclusive. It is said that the law is otherwise in the Third Circuit and that since the real estate is in Pennsylvania the rule of the Third Circuit should be applied in this case. I know of no decisions by the Circuit Court of Appeals of the Third Circuit that clash with the rule in Re Roth & Appel. Even if there were such cases, this court would still follow the rule established in this circuit. Matter of Metropolitan Chain Stores (C. C. A.) 66 F.(2d) 482, decided July 17, 1933.

Nor does the clause permitting confession of judgment furnish a firm footing for this claim. The validity of such a clause in a Pennsylvania lease may be conceded. Smith v. Pringle, 100 Pa. 275; Shapiro v. Malarkey, 278 Pa. 78, 122 A. 341, 29 A. L. R. 1358. The landlord's argument is that a provision for confession of judgment in a lease is equivalent to a clause making the rent for the entire term payable in advance. The parties certainly did not see the confession of judgment clause in this light, the clause itself providing for stay of execution until the several days of payment and other provisions in the lease calling for monthly payments of rent. But even if the clause were deemed the equivalent of a promise by the tenant to pay the whole rent in a lump sum at the beginning of the term, the landlord could not prove a claim for the entire rent without conceding that the leasehold was an asset of the bankrupt estate to be enjoyed free from further claims for rent—a concession that few landlords would be willing to make. Wilson v. Pennsylvania Trust Co. (C. C. A.) 114 F. 742; Rosenblum v. Uber (C. C. A.) 256 F. 584; Electric Appliance Co. v. Ellis (C. C. A.) 4 F.(2d) 108; Remington on Bankruptcy, § 796. As a matter of fact, the landlord here paid no attention to the clause. He did not enter judgment for any rent; he retook possession of the premises when the trustee disaffirmed the lease and has kept the rentals from the new tenants; the very claim filed is for damages and not for rent.

The landlord is under a misapprehension as to the termination of the lease. The action of the trustee in rejecting it did not put an

end to its existence; that merely indicated that the trustee would occupy the premises no longer and would be responsible for no more rent. The lease was still in effect between the landlord and the bankrupt tenant. It was the later re-entry by the landlord under the option reserved to him that finished the lease.

The order of the referee expunging the part of the claim for damages due to loss of rent will be affirmed.