## In re GRAEBING DRUG & DISTRIBUTING CO.

(District Court, W. D. Pennsylvania. March, 1924.)

No. 10970.

Bankruptcy ⟜255—Landlord, accepting surrender of premises leased by bankrupt, taking possession in part, held not entitled to recover rent thereafter.

Where bankrupt lessee of two floors of building tendered possession to lessor, who accepted on condition that he would care for building and rent, if possible, for benefit of estate, but later went into possession of one floor of premises, with intent to surrender it, if lessee was found, *held*, lessor was not entitled to recover beyond date when he went into possession, nor could he, in absence of agreement, split term or leasehold estate, and have rent for part of it and possession of remainder.

In Bankruptcy. In the matter of the Graebing Drug & Distributing Company. On petition to review referee's findings disallowing rent claim of the Electric Appliance Company. Findings sustained, and case certified back for further proceedings.

Calvert, Thompson & Wilson, of Pittsburgh, Pa., for Electric Appliance Co.

J. B. Orr, of Pittsburgh, Pa., for trustee.

SCHOONMAKER, District Judge. This case comes before the court on the petition of the Electric Appliance Company to review the findings of the referee in bankruptcy, disallowing that portion of the claim of the Electric Appliance Company for rent accruing from and after August 1, 1923. The rent claimant was the tenant of the

three-story warehouse located at No. 229 Water street in the city of Pittsburgh. Its lease for these premises would expire on August 1, 1924. The rent claimant itself occupied the first floor and basement of the warehouse in question. It sublet, for a term commencing May 1, 1922, and ending May 1, 1924, the second and third floors of the warehouse at No. 229 Water street to the Graebing Candy Company at a rental of $375 per month. By agreement dated the 30th day of December, 1922, the Graebing Candy Company became merged into the Graebing Drug & Distributing Company, the bankrupt in this case. The lease by which the said bankrupt occupied the second and third floors of the building contained the provision that, upon bankruptcy, the entire rent for the balance of the term should at the option of the lessor at once be due and payable.

The Electric Appliance Company, on September 22, 1923, filed its proof of claim for 12 months' rent, $4,500, plus $152.53 for electric current used by the bankrupt, less a credit of $1,216.65 paid by the bankrupt on the rent account. This leaves the balance claimed to be $3,435.88. The 12-month period for which claim is made commenced May 1, 1923, and ended April 30, 1924. The bankruptcy petition in this case was filed April 28, 1923, and the adjudication was made on May 19, 1923. None of the monthly rental was due at the date of filing the petition, except in so far as it became due at the option of the lessor by reason of the filing of such petition.

The trustee appointed in this case elected not to assume the lease, and tendered to the landlord the possession of the premises in July, 1923. This tender seems to have been verbal, for on July 24, 1923, Messrs. Calvert, Thompson & Wilson, attorneys for claimant, wrote a letter to the receiver of the bankrupt corporation, A. C. Ellis, stating: "I understand from my conversation with you of last week that you do not elect to assume the lease of the bankrupt for the premises Nos. 227 and 229 Water street, Pittsburgh. I have so notified the landlord, and he will accept the surrender of the premises from you upon the express condition that he will care for the building and rent it, if possible, for the benefit of the estate."

On July 26, 1923, the trustee, A. C. Ellis, wrote a letter to William A. Wilson, one of the attorneys for the claimant, acknowledging receipt of letter of July 24th, and notifying the attorneys for the rent claimant, that the trustee would vacate the premises on or before August 1, and also stated with reference to the surrender of the premises: "Referring to our conversation in receiving your letter referred to, and with its acknowledgment, I beg to say I could not bind the estate for future rent, as I have no authority to do so."

The rent claimant, the landlord, then placed the premises in the hands of Ralph D. Hoffman, a real estate agent, to sublet, but in the meantime, on August 1, the landlord (the rent claimant here) went into possession of the third floor of the warehouse in question, and occupied the same.

The question presented by the certificate of review is whether or not by this act of going into possession of the third floor of the rented premises, the landlord accepted the surrender of the premises offered by the trustee in bankruptcy, so that he is not now in a position to claim rent beyond the 1st of August, 1923, the date when he went into possession of this third floor. The landlord himself takes the position that under the circumstances under which he went into possession of the third floor, he is merely temporarily occupying the premises, and thereby reducing by the rental value of that third floor, only, the amount of his claim against the bankrupt estate. He undertakes to show that the fair rental value of this third floor of the premises in question is $91.65 per month, and that his rent claim should be reduced only by that amount.

The claimant contends that this case is ruled by Rosenblum v. Uber (C. C. A. 3d Cir.) 43 Am. Bankr. Rep. 480, 256 Fed. 584, 167 C. C. A. 614. By the stipulated record in the case of Rosenblum v. Uber, supra, it appears that the landlord accepted the key to the premises involved, upon the following conditions: "That he accepted the same upon the express conditions that he would care for the building and rent it, if possible, for the benefit of the estate." Now, had that been the precise condition here, this case would undoubtedly have been ruled by the case of Rosenblum v. Uber; but, although the attorney for the landlord wrote to the trustee in bankruptcy that the landlord would accept the surrender of the premises upon the express condition that he would care for the building and rent it, if possible, for the benefit of the estate, the correspondence did not stop there. The trustee replied to this letter, informing the attorney for the landlord that the premises in question would be surrendered August 1st, and that the trustee could not bind the estate for future rent, as he had no authority so to do. Yet, in spite of this letter

from the trustee, the landlord himself went into the possession of part of the demised premises. The landlord showed that he did this pursuant to an arrangement with the real estate agent, in whose hands he placed the renting of the surrendered premises for a fair rent, and upon the express agreement on the part of the landlord for the vacation of the premises on 10 days' notice. It does not appear that the bankrupt estate or the trustee of the bankrupt consented to this arrangement. We have, therefore, the situation of the trustee of the bankrupt estate tendering the surrender of the leased premises and the landlord himself, upon that surrender, going into possession of a portion of the leasehold estate.

We coincide with the opinion of the referee that under these circumstances the landlord is not entitled to the claim for rent beyond the 1st day of August, 1923, the day when the landlord went into possession of part of the premises. We think that the referee has correctly stated the rule of law, that the landlord cannot have both the rent and the leasehold estate, nor can he, in the absence of an agreement, split the term or the leasehold estate, have the rent for part of it and possession of the rest. In other words, the lease is an entire contract, and, when the landlord resumes possession and occupancy of part of the premises, he cannot claim an apportioned rent for the balance of the premises.

It appears by the report and opinion of the referee that there is still an open question with relation to the claim of $152.53 for electric current, and that final order in the matter of this claim would not be entered by the referee until the claimant had an opportunity to show what sum, if any, he is owing for rent prior to August 1, 1923.

We therefore sustain the findings of the referee in disallowing the portion of the claim for rent accruing after August 1, 1923, and certify the case back to the referee for such further proceeding as may be necessary in accordance herewith.