#### MACK–INTERNATIONAL TRUCK CORPORATION v. INTERSTATE TRANSIT, Inc.

#### In re MANCHESTER AUTO & MACHINE CO.

#### No. 2566.

District Court, W. D. Pennsylvania.

Aug. 3, 1932.

Frederic W. Miller, of Pittsburgh, Pa., for Manchester Auto & Machine Co.

William H. Eckert and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for receivers.

SCHOONMAKER, District Judge.

This is an ancillary receivership proceeding. The District Court of the United States for the Southern District of Ohio, Western Division, is the court of primary jurisdiction. On October 19, 1931, that court made an order directing all creditors of the defendant to file their claims with the domiciliary receiver. This court, on November 4, 1931, made an order similar.

On· November 9, 1931, the Ohio District Court made an order directing the sale in Cincinnati on November 30, 1931, of substantially all of the assets of the defendant, as a whole, by the primary receiver. A similar order was made by this court on November 13, 1931.

This sale was made and the proceeds paid into the hands of the primary receiver. The report of the sale was confirmed by the court of primary jurisdiction, and then a similar report by the ancillary receivers was confirmed by this court on December 9, 1931.

According to the first and final account of the ancillary receivers filed in this court on February 23, 1932, the total assets which came into the hands of the ancillary receivers consisted of property inventoried and appraised at $5,835.86, and income received during the operation by the receivers of $4,159.25, making a total of $9,995.11. They claimed credit for the amount of the inventory, $5,835.86, which was included in the sale of assets, as a whole, by the primary receiver, so that practically the only moneys in the hands of the ancillary receivers were the receipts from income of $4,159.25. Their disbursements for operating expenses were $3,113.83, leaving a balance in the hands of the ancillary receivers, at the date of filing their account, of $1,045.42.

The Manchester Auto & Machine Company filed exceptions to the credit of $5,835.-86, claimed by the ancillary receivers by reason of the sale of these assets by the primary receiver in his sale of the assets as a whole; and also excepted to the failure of the ancillary receivers to set forth specifically the proceeds of the sale of assets which were located at premises No. 916 to 924 Manchester boulevard, Pittsburgh, Pa., which the Manchester Auto & Machine Company had leased to the defendant.

On January 23, 1932, the Manchester Auto & Machine Company filed in this court a

rent claim of $3,500, alleged to be due that company under the terms of the lease dated July 28, 1930, between that company and the defendant, whereby the Manchester Auto & Machine Company leased to the defendant the western section of building located at Nos. 916 to 924 Manchester boulevard, Pittsburgh, Pa., being 70 feet wide and 100 feet long, for the term of two years, commencing October 10, 1930, and ending October 10, 1932, at a total rental of $8,400, payable in advance at the rate of $350.

The lease further provided as follows: "It is further agreed that if * * * a receiver be appointed for tenant, then and in such case the entire rent for the balance of said term shall, at the option of the lessor, at once become due and payable, as if by the terms of this lease it were all payable in advance; or at the lessor's option, this lease shall become null and void."

The ancillary receivers went into possession of the leased premises, and occupied them until December 7, 1931, and paid all rent due thereon up to that time.

The receivers are contesting the allowance of this rent claim by this court, because: (1) They aver that the Manchester Auto & Machine Company accepted a surrender of the lease. (2) This rent claim should, under the order of this court and that of the primary jurisdiction, be presented to the court of primary jurisdiction for adjudication. (3) There is no way now of determining the sale price of distrainable goods that were on the demised premises and included in the lump sale of the assets of defendant in the court of primary jurisdiction.

The court heard the testimony offered by the parties. The question involved is one of Pennsylvania law; and, while we might properly leave the claimant to present its claim in the court of primary jurisdiction, Superior Cabinet Corp. v. American Piano Co. (D. C.) 39 F.(2d) 87, as provided for in the original orders made both in this court and that of the primary jurisdiction, we have concluded that we should, for the convenience of the parties here, pass on the single question of whether the Manchester Auto & Machine Company has, in fact, any legal claim for the balance of rent accruing after the date the ancillary receivers surrendered possession of the leased premises.

We have carefully considered the testimony offered on both sides, and find, as a matter of fact, that the Manchester Auto & Machine Company resumed possession and occupancy of the leased premises on and after December 7, 1931, the date of surrender by the receivers, and used the same for its own purposes. This fact resolves the case against the claimant. It is well-settled law that a landlord who accepts surrender of a lease cannot claim for rent thereafter accruing. Wilson v. Pennsylvania Trust Co. (C. C. A.) 114 F. 742; Re Winfield Mfg. Co. (D. C.) 137 F. 984; Re Graebing Drug & Distributing Co. (D. C.) 1 F.(2d) 397.

The rule to show cause granted on the petition of the Manchester Auto & Machine Company will therefore be discharged. An order may be submitted accordingly.