## Ely v. Friedrich

*Lord and Mulligan,* for plaintiff.

*Samuel Lichtenfeld,* for defendants.

SWENEY, P. J., January 25, 1968.—Defendants have filed exception to the verdict of a judge sitting without a jury, in the sum of $5,216. The matter has been argued before a court en banc and is ready for decision.

The following facts are agreed upon:

Plaintiff, David K. Ely, is the owner of a property, located on the southeast corner of Marshall Road and Hampden Road in Upper Darby Township, Delaware County, Pa. In July of 1964, plaintiff entered into a lease agreement for a three-year period with defendants, beginning August 1st, 1964. Defendants paid, at the time of the execution of the lease, $800 to be held as security for the last two months rent.

The rent, due March 1965, was not tendered or paid when due on March 1, 1965, and plaintiff caused a levy to be made and a constable's sale realized $400.

The only additional facts of significance presented at the trial of the issue revealed that defendants gave up possession of the premises, following the levy upon the goods, and paid no further rent; that plaintiff tried to relet the property, but when he was unable to do so, took possession himself rather than let the property waste; in August of 1966, a reconstruction of the highway interfered with the use of the premises during the entire balance of the term of the lease.

In their petition to open judgment, defendants allege that no rent was due to plaintiff, in view of the fact that plaintiff relet the premises and gave no credit to defendants for the rent received from the reletting. The evidence offered failed to support this allegation.

We believe the court's award gave credit for all that the defendants were entitled to receive. The total rent left unpaid, under the lease, was $11,475. The court's award of $5,216 allows defendants credits as follows:

(a) $800—rental deposit

(b) $695—value of the goods sold under the levy

(c) $4,800—final year's rent

In their brief, defendants suggest that, since plaintiff went back into possession in June of 1965: (1) Defendants were thereby relieved of their obligation to pay rent from that time on; (2) that they are entitled to a credit because of the condemnation proceedings affecting the demised premises; and (3) they are entitled to a credit for the escrow money and the value of the levy upon goods.

Since the court has given credit to defendants for each of the items, except the first, we must resolve only the question—does the resumption of possession to abate waste by a landlord after the tenant has abandoned the demised premises entitle the tenant to credit towards the total rent due or otherwise relieve the tenant of further responsibility to pay rent?

We think not.

While it is true that a reletting of the demised premises, under the proper circumstances by the landlord, can constitute an acceptance of an abandonment by the tenant and, accordingly, relieve the tenant of any further liability for rent, Ralph v. Reiley, 293 Pa. 90, a reentry by the landlord for the purpose of preserving the property and preventing waste is not an acceptance of an abandonment: Parker v. Shimer, 23 Monroe 9; Horvath v. Leitgeb, 30 Lehigh 402; Smucker v. Grinberg, 27 Pa. Superior Ct. 531, Hochman v. Kuebler, 53 Pa. Superior Ct. 481;

The record before us does not reveal that the occupancy by the landlord was inconsistent with the tenants' right to possession. There is no showing that the tenant offered or asked to return to possession and was refused.

Acceptance of a surrender or abandonment is a matter of intent and the burden of establishing such

an acceptance is on the lessee: Smucker v. Grinberg, 27 Pa. Superior Ct. 531. The tenant has failed to carry his burden in the case now before us.

Defendant cites the case of Kull v. Mastbaum & Fleisher, 269 Pa. 202, 205 for the proposition that the relinquishment of possession by the tenant and the resumption of possession by the landlord operates, as a general rule, as a surrender by operation of law, by way of estoppel. While such a proposition may be the law, such a proposition is not necessarily in conflict with the concepts and cases herein before cited. In the Kull case, the tenant was claiming he was evicted and, therefore, is relieved of further liability for rent. The court answered this proposition by saying that the evidence disclosed that the premises had been abandoned by the tenant, that they were surrendered, not that the landlord by resuming possession to prevent waste impliedly accepted the abandonment. The court concluded that in face of the abandonment, clearly no damages could be recovered for the alleged eviction.

The courts have said time and time again that the tenant cannot by his wrong in abandoning the premises impose a duty on the landlord to relet or avoid the payment of further rent: Auer v. Penn, 99 Pa. 370; Ralph v. Deiley, 293 Pa. 90.

On the other hand, our research has disclosed one decision which is seemingly inconsistent with the foregoing authorities. In the case of Mack-International Truck Corp. v. Interstate Transit (W.D. Pa.) 4 F. Supp. 485, affirmed per curiam 66 F. 2d 1015, the court said the Manchester Auto and Machine Company resumed possession and occupancy of the leased premises on and after surrender by the receiver and used the same for its own purposes. This fact resolves the case against the claimant. It is well settled law that a landlord who accepts surrender of a lease cannot claim for rent thereafter occurring.

To the extent that the holding of the Mack case stands for the proposition that entry by a landlord for the purpose of preventing waste constitutes an acceptance of an abandonment we do not believe that it authoritatively states the law of Pennsylvania.

### DECREE

And now, January 25, 1968, it is ordered and decreed that

1. Defendants' exceptions are dismissed;

2. Judgment is entered in favor of plaintiff and against defendants in the sum of $5,216, with interest, and

3. An exception is noted for defendants.